BRENNER, Appellant, vs. HERUBEN and another,
Respondents.

*December 6, 1919—February 10, 1920.*

*Workmen's compensation: Waiter in restaurant grinding meat:
Service incidental to employment: Finding of industrial com-
mission: Constitutional law: Waiver of right to raise ques-
tion by election to come under the act: Treble damages to
minor employed without permit.*

1. In a proceeding under the workmen's compensation act to ob-
   tain compensation by a helper in a restaurant injured while
   grinding meat for Hamburger steak, a finding of the indus-
   trial commission that grinding the meat was incidental to
   the employment is *held* to be sustained by the evidence.
2. A finding by the commission that such work was incidental to
   plaintiff's employment within the meaning of the compensa-
   tion act must stand as a verity in the case when based on
   substantial evidence.

3. An employer who had elected to come under the compensation act could question the constitutionality of an amendment thereto which was enacted and took effect after July 1, 1917, he having had no option to withdraw, in view of sec. 2394—5, Stats., until July 1st of the succeeding year.
4. The amendment of 1917 (ch. 624, Laws 1917) to the workmen's compensation act, providing that compensation be trebled if an injured employee be a minor of permit age and at the time of the injury is allowed to work without a written permit issued pursuant to sec. 1728a, Stats. 1917, is germane to the act, and is constitutional and not violative of the right to trial by jury.

ESCHWEILER and ROSENBERRY, JJ., dissent.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to review an award of the *Industrial Commission* in favor of the defendant *Peter Heruben,* who was a minor under seventeen years of age and was injured while in the employ of the plaintiff without having a permit as required by sec. *1728a,* Stats. 1917. The *Commission* awarded *Heruben* $925.64 damages under the schedule of the compensation act, and the further sum of $1,851.28 increased compensation under the provisions of sub. 6, sec. 2394—9, which provides that

"Compensation and death benefits, as provided in sections 2394—3 to 2394—31, inclusive, shall . . . be treble the amount otherwise recoverable:

"(a) If the injured employee be a minor of permit age and at the time of the accident is employed, required, suffered or permitted to work without a written permit issued pursuant to section 1728a."

This latter provision was added by ch. 624, Laws 1917, which was published July 13, 1917, and took effect September 1, 1917. Ch. 674, Laws 1917, published July 17, 1917, and taking effect September 1, 1917, raised the permit age from fourteen to sixteen years to fourteen to seventeen. *Heruben* was employed in August, 1917, and was then several months past sixteen years of age. So as the law then stood he needed no permit at the time he was employed,

but did September 1st and thereafter. He was injured
September 7th while grinding meat for Hamburger steak.
Plaintiff conducted a restaurant in Superior, and *Heruben*
was employed therein as a general helper. The *Commission* found that *Heruben* was performing work incidental
to his employment at the time he was hurt and made the
award as above stated. The circuit court affirmed the
award, and from a judgment entered accordingly the plaintiff appealed.

For the appellant there was a brief by *Grace & Fridley* of
Superior, and oral argument by *C. R. Fridley*.

A brief was also submitted by *Otjen & Otjen* of Milwaukee on the constitutionality of certain parts of the workmen's compensation act, and oral argument by *C. J. Otjen*.

For the respondent *Heruben* there was a brief by *Dietrich
& Dietrich* of Superior.

For the respondent *Industrial Commission* there were
briefs by the *Attorney General* and *Winfield W. Gilman*,
assistant attorney general, and the cause was argued orally
by *Mr. Gilman*.

VINJE, J. The *Commission* found that *Heruben*, who
was a general helper in a restaurant, was performing work
incidental to his employment while engaged in grinding
meat for Hamburger steak. Plaintiff attacks this finding
and urges that *Heruben*, whose chief employment consisted in serving tea, coffee, and milk, was not engaged in
work incidental to his employment at the time he was hurt.
This contention must be attributed to a lack of restaurant
experience rather than to a want of knowledge of the conclusive character of findings of fact made by the *Commission* when based upon any competent evidence or upon the
common experience of mankind. The patrons of many
restaurants would unhesitatingly say that the preparation
of Hamburger steak is pre-eminently the most striking
example of genuine restaurant service that can be imagined.

But be that as it may, we certainly cannot hold that the finding of the *Commission* has no basis in fact, since it is a matter of common knowledge that Hamburger steak is a customary product of the ordinary restaurant. The *Commission,* therefore, was justified in finding that *Heruben* performed service incidental to, if not inherent in, his employment when he was hurt, and the finding must stand as a verity in the case.

A much more serious question is raised by plaintiff's claim that the amendment of 1917, providing for treble compensation when a minor is employed without a permit, is unconstitutional.

It is suggested by counsel for the *Industrial Commission* that, since the workmen's compensation act is elective, plaintiff cannot question the constitutionality of a law he has elected to come under and from which he can withdraw. Without deciding the question whether an employer can question the constitutionality of any provision of the compensation act contained therein when he elects to come under it, or subsequently added thereto and from which he has had an opportunity to withdraw as provided by sec. 2394—5, Stats. 1917, we are of the opinion that plaintiff here can question the constitutionality of this amendment because he has had no option to withdraw from it since it was enacted. Under sec. 2394—5 he must file with the *Commission* notice of withdrawal for any year beginning July 1st at least thirty days prior thereto. On June 1st this amendment was not in existence. It did not become law till July 13, 1917, when it was published, and it became effective September 1, 1917. When it became a law it was too late for plaintiff to withdraw for the year beginning July 1, 1917, and he was compelled to accept this law for that year at least. He had no election as to whether he should remain in under it for the year specified. Not having any election as to the amendment so far as this accident is con-

cerned, the elective feature of the law cannot be invoked to deprive him of the right to question the constitutionality of the amendment.

The argument against its constitutionality runs in substance like this: Treble compensation is a penalty and its exaction is in fact the enforcement of a penal or criminal statute, namely, that of the child-labor law, which is not in any way germane to the subject of compensation for industrial accidents. The right to a jury trial for the enforcement of a penalty has never been waived by employers in electing to come in under the workmen's compensation act.

It is further argued that sec. 2394—9, Stats. 1917, provides full compensation for injuries sustained by employees and therefore the increased compensation is purely a punishment for violating sec. 1728a; that this is further evidenced by the fact that under sub. (7), sec. 2394—9, the employer is made primarily liable for the increased compensation and the insurer only secondarily liable, and that, since there is no relation between the injury sustained and the additional compensation, the classification of minors based upon their having or not having a permit is void because it is not based upon any real distinctions germane to the purpose of the law of which it is a part, citing *Kiley v. C., M. & St. P. R. Co.* 142 Wis. 154, 125 N. W. 464, and *Borgnis v. Falk Co.* 147 Wis. 327, 133 N. W. 209.

The argument is not without force, and were we to justify the amendment upon common-law principles alone, without reference to the wide departure therefrom made by the workmen's compensation act, the task would not be an easy one. But the question is not whether it is a justifiable common-law scheme, but whether it is fairly germane to and within the limits of the general scheme of the workmen's compensation act. If it is, then it is constitutional, for an employer in coming under the act waived his common-law remedies and agreed to be bound by the remedies afforded

by the act and all lawful amendments thereto. *Anderson v. Miller S. I. Co.* 169 Wis. 106, 170 N. W. 275; 171 N. W. 935.

Under the common-law scheme the employer must breach his duty to his employee in failing to exercise ordinary care, and because of such delict on his part the employee is entitled to full compensation for injuries resulting proximately therefrom.

Under the scheme of the workmen's compensation act there need be no delict on the part of the employer, and full compensation is not given to the employee for the damage he has sustained, but only partial compensation. Thus for total disability of a person under thirty-two years of age only sixty-five per cent. of his average weekly earnings for not exceeding fifteen years is provided. Sec. 2394—9. It will thus be seen that under the scheme of the compensation act the loss sustained is borne by the employer, the employee, and the public who use the product of the industry in which the employee is engaged at the time of his injury. It is quite evident from the schedule in sec. 2394—9 that the employee usually bears the major part of the damage, even where full statutory compensation is given him. Since he gets compensation irrespective of any negligence on the employer's part; and since it comes to him speedily and without much expense, it is perhaps as desirable as the full compensation given under the common-law scheme, though the latter averages perhaps three times the statutory compensation.

But though the workmen's compensation act is not bottomed upon negligence, it nevertheless recognizes negligence, faults, or delicts in certain cases and gives increased or diminished compensation accordingly. Thus, where an injury is caused by the failure of the employer to comply with any statute of the state or any lawful order of the *Industrial Commission,* compensation and death benefits are increased fifteen per cent. Sub. (5) (h), sec. 2394—9.

Compensation is reduced fifteen per cent. in each of the following cases: (a) Where the injury is caused by the wilful failure of the employee to use safety devices provided by the employer; (b) where the injury results from the employee's wilful failure to obey any reasonable rule adopted by the employer for the safety of the employee; or (c) where injury results from intoxication of the employee. Sec. 2394—9, sub. (5) (i), (j), and (k), respectively. The reason for this is obvious. It is to secure as far as possible compliance with the laws, rules, and regulations adopted to safeguard the life and limb of employees. The state has a direct interest in so doing and may enact reasonable laws to effectuate such purpose. It has enacted a child-labor law for the purpose of insuring an education for children and also for the purpose of throwing around those minors who may be permitted to work in industrial pursuits reasonable safeguards by requiring them to secure permits to work, thus enabling the person authorized to grant or refuse such permit to judge of the fitness of the minor to perform the intended work so far as his strength, health, and safety are concerned. This is a beneficent law and its purpose should not be frustrated by any strict construction. Coming in close touch with this law as do both the workmen's compensation act and the industrial commission act, it will not do to say that they are not germane to the subject of child welfare. Employers under the workmen's compensation act employ minors. This act brings them in direct contact with the child-labor law. They must either comply with it or violate it, every time they hire a minor of permit age.

Previous to the amendment of sub. 1, sec. 1728h, Stats. 1913, by ch. 421, Laws 1915, the employment of a minor of permit age without a permit by an employer under the compensation act did not bring the employment under the compensation act, because as the law then stood only minors lawfully permitted to work came under it. Sub. (4), sec. 2394—7. Such employment constituted a misdemeanor,

and the employer in case of injury had no defense to the action. *Stetz v. F. Mayer B. & S. Co.* 163 Wis. 151, 156 N. W. 971. By the amendment of ch. 421, Laws 1915, such employment constituted a misdemeanor only in case the employer suffered, permitted, or required the minor to work at a prohibited employment. *Reiten v. J. S. Stearns L. Co.* 166 Wis. 605, 165 N. W. 337. But the amendment did not bring the employment within the compensation act. It was not until the enactment of ch. 624, Laws 1917, that sub. (4), sec. 2394—7, was amended so as to include a minor of permit age employed without a permit to become an employee under the act. Previous to that amendment injuries to such minors were not compensable thereunder because not employees within the meaning of the law. When this feature of ch. 624 came up for legislative consideration it presented this question: If injuries to minors of permit age employed without a permit are to be compensable under the workmen's compensation act, under what conditions shall they be made compensable so as not to emasculate one of the purposes of the child-labor law? If no civil liability was attached to a violation of sec. 1728a by employers under the workmen's compensation act, who constitute the great bulk of employers of minors of permit age in this state, then a part at least of the purpose of the child-labor law would miscarry.

It was no doubt a consideration of those facts that induced the legislature to permit injuries to minors of permit age employed without a permit, in direct violation of the law, to be compensated under the workmen's compensation act upon condition that treble compensation should be paid. It was within the legislative field to prescribe reasonable conditions for permitting injuries under such employments to be so compensated. Conditions thus prescribed cannot be set aside by courts unless so severe as to be confiscatory, or to amount to a denial of due process of law. The condition

Brenner v. Heruben, 170 Wis. 565.

in question does not come within either class and must be held lawful.

The classification made by the legislature, if any, is one of employers, not one of minors. It divides them into those who obey the law and those who violate it. Obviously this clear-cut cleavage is one of substance and furnishes a good basis for classification. *Borgnis v. Falk Co.* 147 Wis. 327, 133 N. W. 209.

As before stated, delicts of both employer and employee are recognized by the act and are made the basis of difference in the amount of compensation granted. No violation of rights is perceived by so doing. A public policy can be effectuated through the workmen's compensation act in connection with other public laws, and especially so where the laws involved are of a cognate nature. We therefore conclude that the amendment is constitutional and that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.

ESCHWEILER, J. (*dissenting*). The amendment to the workmen's compensation act by ch. 624, Laws 1917, for the treble damages granted by the judgment therein, to my mind provides for a penalty and not compensation, is not germane to the purposes of the act, is violative of the plaintiff's common-law and constitutional right to a trial by jury, and is therefore unconstitutional.

Plaintiff pays twice as much more than he otherwise would, not because the injury is greater, but because he has violated the penal provisions of a separate law regarding the employment of children, viz. sec. 1728a, Stats., a law applicable alike to those not under as to those under the compensation act.

The employer not under the compensation act but violating sec. 1728a in the manner here charged is subject to the penalty, under sub. 1, sec. 1728h, of a fine from $10 to $200

or thirty days' imprisonment, and has his trial by jury. The employer under the compensation act is alike subject to the same penalty and the same trial in similar proceedings, but in addition thereto must pay treble damages, and that without a trial by jury upon a scintilla of evidence whether there be causal connection between such violation and the injury or act, and only because he is under the compensation act.

In this case there appears to have been no dispute about the facts, but were there a dispute as to the real age of the plaintiff; whether or not there had been misrepresentations made by him or on his behalf at the time of his employment; or on any other issue, still, under the ruling as it now stands, the defendant would be liable for these treble damages however unintentional his breach of the law may have been, or even had he been lured into it by misrepresentations on behalf of the minor. *Stetz v. F. Mayer B. & S. Co.* 163 Wis. 151,157, 156 N. W. 971. This, too, upon a decision of the *Industrial Commission* on disputed questions of fact, a decision which must be upheld by the circuit court, or this court on review, if supported by the slightest amount of testimony, and in utter disregard of the standard which one who is prosecuted for a violation of a penal statute is entitled to have applied, namely, that the evidence must satisfy beyond a reasonable doubt.

This being a penalty, he cannot be deprived of his right to jury trial. *Wilcox v. Hemming,* 58 Wis. 144, 158, 15 N. W. 435, 61 L. R. A. 410; *State v. Hamley,* 137 Wis. 458, 119 N. W. 114.

To recover in a tort action for injuries claimed to have been received by reason of the negligence arising from the violation of such a penal statute, it is essential that there shall be some causal connection between the two, mere coincidence being not enough. *Pizzo v. Wiemann,* 149 Wis. 235, 239, 134 N. W. 899; *Steinkrause v. Eckstein, ante,*

p. 487, 175 N. W. 988.   Such rule is now abrogated by the majority opinion, for the element of proximate cause as heretofore defined in negligence cases is not a requirement in order to establish liability under the compensation act. *Milwaukee v. Industrial Comm.* 160 Wis. 238, 246, 151 N. W. 247.

And moreover, plaintiff in this particular case is now held bound by such an amendment to the law from which he had no chance to escape, and for an act which was not penalized under the child-labor law until after he had become so bound, and yet it had been said by this court at the very threshold of the administration of this law that it is not coercive but free.   *Borgnis v. Falk Co.* 147 Wis. 327, 356, 133 N. W. 209.

This court said in *Anderson v. Miller S. I. Co.* 169 Wis. 106, 170 N. W. 275, 171 N. W. 935:

"The liability of the employer under the act is not based upon any wrongful conduct or negligent act of the employer. However blameless the employer may be, he is nevertheless liable if the employee be injured and he bring himself within the terms of the act."   Page 110.

Again: "The liability of the employer under the compensation act is not based upon the employer's neglect of duty and is therefore not tortious."   Page 113.

"We therefore hold that the principles which are applicable to actions *ex delicto* should not be applied to claims arising under the workmen's compensation act," etc.   Page 118.

The effect of the legislative amendment now upheld by the majority opinion in this case is to engraft into the provisions of the workmen's compensation act an additional and substantial provision for a liability which can arise only by reason of a *tort* of the employer.   It incorporates a provision of a nature which this court has heretofore expressly said was not within the purpose and scope of the workmen's compensation law.   It is therefore not germane to the de-

clared purposes of the law.    It is a violation of one of the
canons of the law regarding classification.    *Borgnis v.
Falk Co.* 147 Wis. 327, 353, 354, 133 N. W. 209.

To say, as does the majority opinion, of the present situa-
tion, "The classification made by the legislature, if any, is
one of employers, not one of minors.    It divides them into
those who obey the law and those who violate it," thereby
expressly recognizes that the employer who may be deemed
by the *Industrial Commission* to have violated the penal
provisions of the child-labor law shall be treated differently
in the awarding of compensation than he who has not
violated such a law.    It amounts to the statement in another
form of the proposition that the workmen's compensation
act shall award under the name of compensation that which
is in reality a fine for a violation of a penal statute.    To
base this allowance of treble damages upon what is such an
apt definition of a penalty based upon a tort and then name
it compensation, based upon contract, is passing strange
to say the least.

The primary purpose of the workmen's compensation act
being to secure the payment of compensation to the injured
employee, it for that reason provides for the carrying of
industrial insurance by the employer and makes such in-
surance company absolutely liable for the payment of such
compensation.    By the amendment in question both the em-
ployer and the insurance company are prohibited from con-
tracting in such manner that the employer is not primarily
liable for these treble damages.    In other words, the legisla-
ture provides that as to this form of so-called compensation
the remedies against the employer must be first exhausted
and recourse cannot be had against the insurance company
until and after it appears that the employer cannot pay the
amount.    It is pertinent to ask at this stage whether or not
the judgment that may be entered upon this award is a tort
judgment upon which the defendant employer against whom
it is entered may be jailed in default of payment, or whether

it is a judgment on contract or debt for which the constitution prohibits imprisonment? Why, if its purpose be compensation, must the claimant resort to this circuitous route to obtain it?

Under the workmen's compensation act, sec. 2394—35, the employer is bound to keep a record of all such accidents in a form that the industrial board may prescribe and is compelled to make monthly reports of such records to the industrial board, and the same is open at all times to the board, and the violation of such provisions is punished by the forfeiture of $50 for every such violation or neglect. And although it is provided by sec. 2394—38 that "any statement contained in any such record or report shall not be admissible as evidence in any action arising out of the death or accident reported," yet nevertheless it has been held that statements made by the employer to the *Industrial Commission* may be considered by the *Commission* in determining the questions of fact before it, even though not formally offered in evidence. *F. Eggers V. S. Co. v. Industrial Comm.* 168 Wis. 377, 380, 170 N. W. 280; *First Nat. Bank v. Industrial Comm.* 161 Wis. 526, 154 N. W. 847. Such a report as bearing upon the nature of the employment of the claimant was used in this very case as against the plaintiff.

This court held in *State ex rel. Schumacher v. Markham,* 162 Wis. 55, 155 N. W. 917, that in an action to enforce a penalty a defendant cannot be compelled to bear witness against himself. The administration of the workmen's compensation act under the provisions as they now stand and are being administered does in effect compel him who is now required to pay just such a penalty to furnish evidence against himself. And by sec. 2394—16, Stats., he can be compelled to testify or be held guilty of a misdemeanor.

*Cohn v. Neeves,* 40 Wis. 393, was cited on behalf of the respondent *Industrial Commission* to the proposition that treble damages may be lawfully assessed in a tort action.

That case held, however, that such a provision for the recovery of treble damages for conversion of logs or lumber is a penal statute, must be strictly construed, and even though the language used was general, and if literally interpreted would include any conversion, yet it would *not* be so construed, and there used language that seems to me particularly applicable to situations like those here. Quoting now from page 401:

"The evidence must satisfy the jury that the conversion was not only against the consent of the plaintiff, but was attended by circumstances of bad faith and intentional wrong, in order to bring it within the penal provision. For, unless the conversion was wilful or wanton, the plaintiff was entitled to recover only single damages."

The same point is reiterated and strongly emphasized in a case involving a claim for treble damages for a violation of the public utilities act. *Krom v. Antigo Gas Co.* 154 Wis. 528, 535, 536, 140 N. W. 41, 143 N. W. 163. The rule there again recognized is in effect overruled by the majority opinion herein. That such penal provisions must be strictly pursued, see, also, *Menasha W. W. Co. v. Winter,* 159 Wis. 437, 453, 150 N. W. 526; *State v. Cleveland,* 161 Wis. 457, 458, 152 N. W. 819, 154 N. W. 980. The workmen's compensation act, however, must be liberally construed. *Holt L. Co. v. Industrial Comm.* 168 Wis. 381, 383, 170 N. W. 366. In the future administration of the law as it is now declared to be by the majority opinion, there will be considerable difficulty in reconciling such evident clashing of rules as to strict and liberal construction in order that fairness to well grounded rights and legal principles may be shown and true justice done.

All these distinctions above stated are wiped out by the effect of this decision, and he who has unintentionally and without the slightest negligence on his part violated the provisions of the child-labor law, whether such violation has any causal connection with the resulting injury or not, must

nevertheless pay as a penalty therefor treble damages assessable upon the slightest evidence and without a jury trial. Such a judgment against him must be affirmed by this court unless there is an entire lack of evidence to support it. *Oldenberg v. Industrial Comm.* 159 Wis. 333, 335, 150 N. W. 444. I think there is no legal or logical foundation for so much of the judgment as awards treble damages.

ROSENBERRY, J., dissents.