COOLEY *v.* BOICE BROTHERS.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ESTOPPEL.

An employer who elects to be governed by the provisions of the workmen's compensation act, and who has enjoyed such benefits as it gives, is estopped to deny its validity.

2. SAME—ELECTION TO COME UNDER ACT SUBJECTS EMPLOYER TO AMENDMENTS THERETO.

Under the workmen's compensation act (2 Comp. Laws 1915, § 5428, as amended by Act No. 64, Pub. Acts 1919), an employer who elects to come under said act is subject thereto and to all amendments thereof until he elects to withdraw therefrom and gives proper notice thereof at the end of any year.

3. Same—Contract With Minor—Election to Operate Under Amendment to Act.

Employers operating under the workmen's compensation act, who voluntarily entered into a contract of employment with a minor, thereby agreed to be governed by the provisions of Act No. 162, Pub. Acts 1927, then in force, amending the workmen's compensation act, and, therefore, after injury to the minor, they may not claim that they did not elect to operate under said amendment.

4. Same—Employers Estopped to Deny Constitutionality of Amending Act—Minors—Double Compensation.

Employers who had elected to come under the workmen's compensation act and had never withdrawn therefrom are estopped from questioning the constitutionality of Act No. 162, Pub. Acts 1927, amending the workmen's compensation act and providing for double compensation to minors injured while illegally employed, in the absence of fraudulent use of permits or certificates of age.

Certiorari to Department of Labor and Industry. Submitted October 16, 1928. (Docket No. 34, Calendar No. 33,915.) Decided January 7, 1929.

Walter Cooley presented his claim for compensation against Boice Brothers for an accidental injury in defendant's employ. From an order awarding compensation, defendant and the Central West Casualty Company, insurer, bring certiorari. Affirmed.

*Beaumont, Smith & Harris* (*Albert E. Meder,* of counsel), for appellants.

*John P. Colden,* for appellee.

*Wilber M. Brucker,* Attorney General, and *Charles Rubiner,* Assistant Attorney General, *amici curiæ.*

McDonald, J. The defendants seek a review by certiorari of an award of the department of labor and industry. The plaintiff was 17 years of age at the time he was employed by Boice Brothers, a co-

partnership engaged in operating a gravel pit near Pontiac, Michigan. On November 30, 1927, about a month after he had been employed, he suffered an accidental injury arising out of and in the course of his employment, which resulted in the amputation of his left arm above the elbow. The employer had accepted the provisions of the workmen's compensation law with the defendant Central West Casualty Company as insurer. At the time of the accident, the plaintiff's weekly wage was $30. An agreement was entered into by the parties providing for the payment of $18 a week for 200 weeks. The agreement was not accepted by the department for the reason that it did not appear by the records that it had approved, as not unduly hazardous, the work the plaintiff was employed to perform. The defendants then withdrew the agreement and filed an answer denying liability on the grounds that the 1927 amendment to the workmen's compensation act relating to the employment of minors is unconstitutional. On the hearing, the board upheld the validity of the amendment and awarded the plaintiff compensation thereunder.

The facts are not in dispute. The plaintiff was 17 years old. He was employed in a gravel pit to work around moving machinery. While so employed, he suffered the injury for which he seeks compensation. He was illegally employed. The board so found. The finding is not questioned, nor is it claimed that in obtaining the employment there was any fraudulent use of permits or certificates of age. So that unless the amendment (Act No. 162, Pub. Acts 1927) is unconstitutional, the plaintiff is entitled to an award thereunder which provides for double compensation.

The first question presented for our consideration is whether, under the circumstances, the defendants have a right to attack the constitutionality of the act. The board held that they were in no position to do so. This is on the theory that the workmen's compensation law is elective, and the employer, having elected to be governed by its provisions, and having enjoyed such benefits as it gives, is estopped to deny its validity.

This rule of estoppel in such cases is stated by Chief Justice Taft in *Booth Fisheries Co.* v. *Industrial Commission,* 271 U. S. 208 (46 Sup. Ct. 491), as follows:

"More than this, the employer in this case having elected to accept the provisions of the law, and such benefits and immunities as it gives, may not escape its burdens by asserting that it is unconstitutional. The election is a waiver and estops such complaint."

And in *American Life Ins. Co.* v. *Balmer,* 238 Mich. 580, it was said by Mr. Justice FELLOWS:

"But a complete answer to plaintiff's assault on the validity of the act lies in the fact that plaintiff has accepted its provisions and has had the benefit of them. By accepting its benefits it is estopped to deny its validity."

But the defendants contend that the estoppel by waiver rule of these cases does not apply to the instant case because Boice Brothers never elected to accept the 1927 amendment, and have not accepted its benefits.

The election to come under the workmen's compensation law is made by the filing of a statement to that effect with the department of labor and industry. Section 5428, 2 Comp. Laws 1915, as

amended by Act No. 64, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5428), reads:

"The filing of such statement and the approval of said board, shall operate within the meaning of the preceding section, to subject such employer to the provisions of this act and all acts amendatory thereof for the term of one year from the date of the filing of such statement, and thereafter, without further act on his part, for successive terms of one year each, unless such employer shall, at least thirty days prior to the expiration of said first or any succeeding year, file in the office of said board a notice in writing to the effect that he desires to withdraw his election to be subject to the provisions of this act."

It is conceded that Boice Brothers filed their statement of election and became subject to the provisions of the act on July 17, 1918, and have not since' given notice of withdrawal. At the time of the accident in November, they were subject to the provisions of the law which included the 1927 amendment. The same situation existed when they employed the plaintiff. The amendment in question was enacted May 12, 1927. It did not go into effect until September 5, 1927. On the date it went into effect, the time for giving notice of withdrawal had elapsed, and therefore, the defendants say they had no opportunity to withdraw and were compelled to accept the provisions of the amendment. They do not claim that they are not bound by the amendment, but say that they did not voluntarily accept it. Their position is best stated in their brief as follows:

"Therefore, these employers must have given such notice on or before June 17, 1927, if they desired not to operate under the act after July 1, 1927. But the amendment in question did not become operative until September 5, 1927. Therefore, these

employers had no opportunity to withdraw from the effect of this amendment until June 17, 1928. For which reason we say the amendment was not elective as to defendants, and that the exceedingly dangerous waiver theory of *American Life Ins. Co.* v. *Balmer,* 238 Mich. 580, and *Booth Fisheries Co.* v. *Industrial Commission,* 271 U. S. 208 (46 Sup. Ct. 491), does not apply. Which means that these defendants are in a position to claim the unconstitutionality of the amendment.''

We do not agree with this contention. In conceding that they are bound by the 1927 amendment, the defendants must also concede that they elected to be governed by its provisions. In no other way could it bind them. There is nothing compulsory about the workmen's compensation law. If an employer becomes subject to its provisions, it is because he has so elected. The State offers it to him. He may come in or stay out as he chooses. If he accepts it, he does so because of the benefits he will receive by escaping large damages in common-law actions by injured employees. And when he elects to come under the law to receive these benefits, he will not be allowed to question its validity. There is nothing dangerous about such a rule. It is both reasonable and just.

The defendants elected to become subject to this law. That section of the statute which provides for the filing of their election contemplates that there may be changes in its provisions. It provides that when an employer has filed his election and the board has approved it, he shall become subject to the ''provisions of the act and all acts amendatory thereof.'' So that by filing their election, these employers agreed, impliedly at least, to be governed by the provisions of any amendment that might be

made to the act as it then existed. If they were not satisfied with the amendment, the statute gave them the right to withdraw at the end of the year. But until such withdrawal, they were bound by the amendment because they had elected to be bound by it. They agreed to come under the act and any "act amendatory thereof." In this view of the case, the fact that they had no opportunity to withdraw their election after the amendment went into effect is wholly immaterial. The question under consideration is determined by the fact that when they filed their election they became subject to the law then existing and to any amendments that might be made thereto during the year following.

Furthermore, the liability of Boice Brothers to pay the plaintiff double damages in case of injury is contractual. They were not compelled to employ him. But they did so knowing that he was a minor with the same power under the statute to contract as an adult. In their contract of employment, it was agreed that they would be governed by the provisions of the 1927 amendment relating to the employment of minors. Having thus voluntarily made themselves subject to the amendment, can they now consistently claim that they did not elect to operate under it?

The case of *Brenner* v. *Heruben,* 170 Wis. 565 (176 N. W. 228), cited by counsel for the defendants seems to support their contention that Boice Brothers did not elect to become subject to the 1927 amendment. But that case is distinguishable not only in certain controlling facts, but is based on a statute quite different from ours. As we have already pointed out, our statute relative to the filing of a statement of election by the employer provides that the filing of the election and its approval by the

board operates to subject the employer to the act then existing and to all acts amendatory thereof. There is no similar provision in the Wisconsin statute. For this reason, *Brenner* v. *Heruben* has no bearing on the question we are considering.

It is our conclusion that the defendants, having elected to become subject to the provisions of the 1927 amendment, are estopped to question its constitutionality.

The award is affirmed, with costs to the plaintiff.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.