THOMAS *v.* MORTON SALT CO.

1. MASTER AND SERVANT—CONSTITUTIONAL LAW—ESTOPPEL—PLEADING—MINORS—APPEAL AND ERROR.

Estoppel of minor employee to deny constitutionality of Act No. 162, Pub. Acts 1927, subjecting minor employees to operation of workmen's compensation law, whether legally or illegally employed, is not of kind which must be formally pleaded, and therefore was properly raised by Supreme Court, on review, to avoid conflict with another decision.

2. SAME—ONE NOT IN CLASS DISCRIMINATED AGAINST MAY NOT COMPLAIN.

Representative of deceased minor employee over 16 years of age may not attack constitutionality of Act No. 162, Pub. Acts 1927, subjecting minor employees to operation of workmen's compensation law, whether legally· or illegally employed, on ground that it is unfairly discriminatory against class of minors under 16 years of age illegally employed.

3. SAME—WORKMEN'S COMPENSATION LAW—CONSTITUTIONAL LAW.

Legislature has not unlimited power to incorporate provisions into workmen's compensation law even though its acceptance is optional, but its terms must bear relation to compensation for injuries sustained in employment.

4. SAME—COMMON-LAW RULES NOT APPLICABLE TO WORKMEN'S COMPENSATION LAW.

Workmen's compensation law being departure from common law, rules and theories of common law cannot be made test of measurement of damages under it.

McDONALD, J., dissenting.

Error to St. Clair; George (Fred W.), J. Submitted June 5, 1930. (Docket No. 45, Calendar No. 35,042.) Decided April 7, 1931. Submitted on rehearing January 19, 1932. Decided April 4, 1932.

Case by Howard Thomas, administrator of the estate of Harold J. Pringle, a deceased minor, 17

years of age, against Morton Salt Company, for personal injuries resulting in the death of plaintiff's decedent while in defendant's employ. Judgment for plaintiff. Defendant brings error. Reversed. Former opinion (253 Mich. 613) affirmed.

*Stewart & Black,* for plaintiff.

*Cudy & Pepper,* for defendant.

### On Rehearing.

Fead, J. On rehearing, I find no occasion to change my former opinion, but, perhaps, something should be added to it.

Counsel for plaintiff contend that the question of estoppel to deny constitutionality of Act No. 162, Pub. Acts 1927 (see 2 Comp. Laws 1929, § 8413), cannot be considered because it was not raised in circuit court. The estoppel is not of the kind which must be formally pleaded, the question was raised by this court, to avoid conflict with *Cooley* v. *Boice Bros.,* 245 Mich. 325, and is properly here. 3 Comp. Laws 1929, § 13537; *Auditor General* v. *Bolt,* 147 Mich. 283.

If the amendment of 1927 is unfairly discriminatory, the discrimination is against the class of minors under 16 years of age illegally employed. As plaintiff's decedent did not belong to such class, his representative cannot attack the law on that ground. 12 C. J. p. 768; 6 R. C. L. p. 90.

It seems that in several States the law provides for doubling or trebling compensation to minors illegally employed. In only one case, *Brenner* v. *Heruben,* 170 Wis. 565 (176 N. W. 228), has the provision been tested. It was sustained by a majority of the court. Relying on the minority opinion, which, by the way, held the increase void and

that only single compensation should be awarded, counsel for plaintiff contend that double compensation is a penalty designed to aid enforcement of the child labor law, it is not a measure of compensation for injury, therefore it is void because not within the purview of the compensation act, and it invalidates the whole amendment of 1927.

It may be conceded that the legislature has not unlimited power to incorporate provisions into the workmen's compensation law (2 Comp. Laws 1929, § 8407 *et seq.*), even though its acceptance is optional. Its terms must bear a relation to compensation for injuries sustained in the employment. But the act is a departure from the common law, and the rules and theories of the common law cannot be made the test of measurement of damages under it.

The act does not purport to be justly compensatory under common-law rules. No sum is allowed for pain and suffering. Generally compensation is based upon wages and period of disability. But minimum and maximum awards are provided, regardless of wages, character of injury, or length of disability. As to some specific injuries, specific compensation is allowed, regardless of other factors. In case of death, the employer's liability varies with dependency. In fine, no rule of thumb governs the amount of compensation, but the method of measuring it, as well as the amount, varies with conditions.

Illegal employment of minors presents a situation of its own kind. The common-law action contained features (*Kruczkowski* v. *Polonia Publishing Co.,* 203 Mich. 211, *Besonen* v. *Campbell,* 243 Mich. 209) which, in substance, amounted to civil penalties for violation of criminal statutes. Relief from such civil penalties furnished consideration for the payment of double compensation, as relief from the hazards and uncertainties of common-law actions

afforded consideration for the burdens of the compensation law. The legislature evidently considered that special provision for minors illegally employed must be made in order to maintain the policy of the State to protect children. The protective purpose does not condemn the provision for double compensation because the provision is directly pertinent to the employment and is not an unreasonable means of including in the law a special class of employees as to whom special treatment is proper. Double and treble damages imposed by statute for certain torts have been held valid. There seems no reason why double compensation in connection with certain employments requiring special protection should be held violative of the scope or spirit of a contractual law which either party may accept or reject at his option.

Aside from these considerations, we come back to the question of estoppel. The record in *Cooley* v. *Boice Bros., supra,* shows that the claims of unconstitutionality here made were there presented. The opinion was an adjudication that the estoppel applies as to all the conditions here complained of. The same estoppel governs both employer and employee. By the amendment of 1927, minors illegally employed, as minors legally employed, are made *sui juris* for the purposes of the act, and, when they accept its provisions, by failing to file notice of rejection, they became subject to its provisions in all respects as adults. The *Cooley Case* is decisive of this case.

Clark, C. J., and Potter, Sharpe, North, Wiest, and Butzel, JJ., concurred with Fead, J.

McDonald, J. I do not concur for the reasons stated in my former opinion.