JESIEK *v.* BANFIELD.

1. APPEAL AND ERROR—DELAY IN PROSECUTING CASE ON APPEAL—
   COURT RULES.
   Supreme Court will not dismiss appeal on its own motion at sug-
   gestion of appellees on ground that appellant waited almost
   eight years to file his brief and praecipe after settlement of
   bill of exceptions and filing of printed record, as the appellees
   are permitted by court rule to notice the cause for hearing
   after the record is received by the clerk and the entry fee is
   paid (Court Rule No. 70 [1933]).

2. SAME—QUESTIONS REVIEWABLE—PRESENTATION TO TRIAL COURT—
   CONSTITUTIONALITY OF STATUTE.
   Question as to whether provision of workmen's compensation law
   which is claimed to have excluded minors under 16 years of
   age who were illegally employed from the double compensation
   benefits allowed to minors illegally employed between the ages
   of 16 and 18 was in contravention of the equal protection
   clauses of the Constitutions, which question was neither pre-
   sented to the trial court nor passed upon by it will not be
   considered on appeal (U. S. Const. Am. 14, § 1; Mich. Const.
   1908, art. 2, § 1).

3. CONSTITUTIONAL LAW—ESTOPPEL TO QUESTION CONSTITUTIONALITY
   OF WORKMEN'S COMPENSATION ACT—MINORS.
   A minor, whether legally or illegally employed, who unqualifiedly
   elects to accept the benefits of the workmen's compensation
   act, and his administrator, in an action arising out of such act,
   are estopped to deny its constitutionality (2 Comp. Laws 1929,
   § 8407 *et seq.*).

Appeal from Genesee; Gadola (Paul V.), J. Sub-
mitted October 5, 1938. (Docket Nos. 27, 28, Calen-
dar Nos. 35,372, 35,373.) Decided November 10,
1938.

Separate actions of case by Peter Jesiek, individually and as administrator of the estate of Dick Jesiek, deceased, against Oscar M. Banfield and Ellis H. Warren, copartners doing business as Flint Bedding Company and Standard Auto Batt Company, for damages for death of plaintiff's decedent, a minor, alleged to have been caused by employment of minor at hazardous work. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Fred S. Flick,* for plaintiffs.

*L. J. Carey* and *Geo. J. Cooper,* for defendants.

Bushnell, J. By stipulation the record and briefs filed in the case of *Jesiek, Administrator,* v. *Banfield, et al.,* are to be considered and treated as the record and briefs in the case of *Jesiek* v. *Banfield, et al.*

Appellees direct our attention to the fact that the bill of exceptions was settled on November 6, 1930, and, although the printed record was filed shortly thereafter, no further steps were taken by appellant until he filed his brief and praecipe almost eight years later. They suggest that the court dismiss the appeal on its own motion because of appellant's "unexplained and inexcusable delay." Under Court Rule No. 70, (1933), appellees could have noticed the cause for hearing after the record had been received by the clerk and the entry fee paid. They cannot now complain because the delay could have been prevented by their use of the rule, *supra.*

Plaintiff administrator brought an action in the circuit court for the wrongful death of a minor following injuries received while in the employ of defendants contrary to the provisions of Act No. 285,

Pub. Acts 1909, as amended. See 2 Comp. Laws 1929, §§ 8325, 8326 (Stat. Ann. §§ 17.20, 17.21). Plaintiff's decedent was under the age of 16 at the time of his injury, August 16, 1928, and his death resulted several days thereafter.

Defendants pleaded the general issue with notice of a special defense and moved the court to dismiss plaintiff's cause of action, on the ground that the court lacked jurisdiction of the subject-matter in that, at the time of the accident and death, both plaintiff's decedent and defendants were operating under and subject to the provisions of the workmen's compensation act, Act No. 10, Pub. Acts 1912 (1st Ex. Sess.), as amended, 2 Comp. Laws 1929, § 8407 *et seq.* (Stat. Ann. § 17.141 *et seq.*). At the time of the minor's death, namely, August 25, 1928, the particular section of the compensation act which affected the situation was part 1, § 7 (2 Comp. Laws 1915, § 5429, as amended by Act No. 64, Pub. Acts 1919, Act No. 173, Pub. Acts 1921, Act No. 162, Pub. Acts 1927). See 2 Comp. Laws 1929, § 8413, as amended by Act No. 58, Pub. Acts 1931 (Stat. Ann. § 17.147). This section read (after the 1927 amendment) in part:

"*Every person in the service of another, under any contract of hire,* express or implied, including aliens, including working members of partnerships, receiving wages irrespective of profits from such, and also *including minors, who, for the purpose of this act, shall be considered the same and have the same power to contract as adult employees:* Provided, That any minor between the ages of sixteen and eighteen years whose employment at the time of injury shall be shown to be illegal shall, in the absence of fraudulent use of permits or certificates of age, in which case only single compensation shall be paid, receive compensation double that provided elsewhere in this act." (Italics ours).

Prior to the passage of Act No. 162, Pub. Acts 1927, this section read in part as follows:

"*Every person in the service of another under any contract of hire,* express or implied, including aliens (including working members of partnerships, receiving wages irrespective of profits from such), and also *including minors who are legally permitted to work under the laws of the State who,* for the purpose of this act, shall be considered the same and have the same *power to contract as adult employees.*"   2 Comp. Laws 1915, § 5429, as amended by Act No. 173, Pub. Acts 1921.

The trial court granted defendants' motion and dismissed plaintiff's causes of action, holding that plaintiff's remedy was confined to an action before the department of labor and industry.   Plaintiff appeals from the order of the circuit court in both cases.   We do not find that the question of the constitutionality of section 8413, *supra,* was raised by appellant or determined by the trial court.

Plaintiff contends that the applicable statute is unconstitutional, at least as to this 15-year-old employee, because the statute, *supra,* excludes minors under 16 years of age from the double compensation benefits allowed to minors illegally employed between the ages of 16 and 18, thereby making an unreasonable discrimination between illegally employed minors of one age and those of another age in contravention of the equal protection clauses of the Constitutions.   Michigan Const. 1908, art. 2, § 1; art. 14, § 1, amendments to the United States Constitution.

The issue of the constitutionality of the statute in question was neither presented to the trial court nor passed upon by it, and, therefore, will not be considered on appeal. *Maurer v. Greening Nursery Co.,*

199 Mich. 522, and *Transport Utilitor Sales Co.* v. *Zwergel,* 228 Mich. 132.

A minor, whether legally or illegally employed, who unqualifiedly elects to accept the benefits of the workmen's compensation act, and his administrator, in an action arising out of such act, are estopped to deny its constitutionality. See *Cooley* v. *Boice Brothers,* 245 Mich. 325; *Thomas* v. *Morton Salt Co.,* 253 Mich. 613; rehearing, 258 Mich. 231.

The orders dismissing plaintiff's actions are affirmed, with costs to appellees.

WIEST, C. J., and SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., did not sit.