BLOOMER BREWERY, INC., Respondent, vs. INDUSTRIAL COM-
MISSION and another, Appellants.

*January 14—February 10, 1942.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent the cause was submitted on the brief of *J. G. Prueher* of Bloomer.

FAIRCHILD, J. The objection of the employer to the award is based on the ground that the employee is responsible for his being placed in a prohibited employment. That he was a party to cheating his way into the position must be admitted. It must also be admitted that good reasons exist for the expressions indulged in by the trial judge in announcing his ruling that the order should be set aside. But these reasons and respondent's objection to the award must give way to a more cogent and controlling. ground. Back of the statute invoked lies the idea of protecting the child. The law might have been drawn with some exception to meet such a case as this but none was included. The law places upon the employer the duty of complying with child-labor laws.

In reaching the conclusion that the minor was estopped to deny the truth of his representation as to age, the circuit court relied in part upon the Michigan case of *Boshaw v. J. J. Newberry Co.* (1932) 259 Mich. 333, 336, 341, 243 N. W. 46, 83 A. L. R. 412. The provisions of the Michigan compensation act appear to be distinguishable from the provisions of our act. The Michigan law as quoted in the reports provides in effect that *double compensation shall not be awarded a*

minor making "fraudulent use of permits or certificates of age, in which case only single compensation shall be paid." This provision, although not covering the exact issue raised, was deemed to indicate "an intent on the part of the legislature to protect an employer from a double award of compensation, if, without his fault, he is deceived by the minor applicant as to his age." The court then proceeds to distinguish prior decisions, rendered in common-law actions of tort, wherein such misrepresentations were no bar to recovery for injuries received in a prohibited employment (83 A. L. R. 416):

"Violations of these provisions [prohibiting the employment of minors in certain specified employments] by the employer were held to give rise to a common-law tort action on the part of the injured minor. But the Workmen's Compensation Act is an entire departure from the common law in so far as it pertains to the rights and duties of employer and employee. [Citation.] And what is more important, the rights and duties of the respective parties under the compensation act arise out of and are incident to the contract of employment. [Citations.] In other words, they are contractual in nature; and plaintiff is here asserting her right for double compensation because of her contract of employment with defendant. Hence, if the other essential elements of estoppel are present, there is no reason why one of the parties to the contract should not be estopped from taking advantage of a fraud perpetrated on the other party incident to procuring the contractual relation. This could not be true in a common-law tort action brought in consequence of the violation of the statute mentioned . . . without entirely defeating the purpose of the statute. The holding of the three cases noted is not applicable to the contractual relation arising in the instant case under the compensation act. On the contrary, and for the reasons noted, we hold plaintiff is estopped by her own fraud from being awarded double compensation."

The act of the Wisconsin legislature providing for increased compensation to minors illegally employed has long been interpreted to rest upon a principle contrary to that announced

by the Michigan court. The purpose was to incorporate into the compensation act protective conditions surrounding the compensability of minors illegally employed "so as not to emasculate one of the purposes of the child-labor law." *Brenner v. Heruben* (1920.), 170 Wis. 565, 572, 176 N. W. 228.

It followed therefore that the doctrine announced by the court in the case of *Stetz v. F. Mayer Boot & Shoe Co.* (1916) 163 Wis. 151, 156 N. W. 971, namely that misrepresentation as to age by an illegally employed minor does not estop him from recovering damages at common law, was carried over and governed the granting of awards for increased compensation under the Workmen's Compensation Act. *Mueller & Son Co. v. Gothard* (1921), 173 Wis. 135, 136, 179 N. W. 576. The reason for this doctrine was stated by the court in the *Stetz Case, supra,* p. 157, in the following language:

"The inquiry then arises, Is plaintiff estopped from recovering his damages in this case by misrepresenting his age to defendant's foreman at the time he was employed? The object of the provisions of sec. 1728a, Stats. [now appearing in the provisions of secs. 103.64 to 103.82, Stats.] is to conserve the health and morals of children in the interest of the general welfare. It is declaratory of a public policy and makes all employments of children contrary to its provisions criminal acts, and we do not deem it permissible for the court to so construe the statute and restrict its operative effect that it would not harmonize with this clear legislative intent. To permit an employer to protect himself against the consequences resulting from his violation of this law by the plea that he acted with reasonable diligence to avoid a breach of it, would seriously restrict and modify the beneficial objects for the protection of children which the legislature obviously intended to accomplish."

At the time of the decisions in the *Brenner* and *Gothard Cases, supra,* the law afforded less protection to an employer than do the present statutes. Then no provision was made for the issuance of a certificate of age by the commission, al-

though a permit unlawfully issued or altered after issuance (as is likewise now provided, sec. 102.60 (5), Stats.) was declared to be a permit within the meaning of the section relating to increased compensation to be paid a minor of permit age "suffered or permitted to work without a written permit." Sec. 2394—9 (6) (a), Stats. 1917. But additional protection has since been afforded employers by the enactment of ch. 256, Laws of 1925, authorizing the commission to issue certificates of age of minors. Such a certificate is declared to "be conclusive evidence of the age of the minor to whom it was issued, in any proceeding under any of the labor laws and under the Workmen's Compensation Act of this state," and any person obtaining or assisting in obtaining such a certificate by fraud is declared guilty of a misdemeanor. Sec. 103.75 (1) and (2), Stats. 1939. These provisions, particularly when viewed in the light thrown upon them by the decisions of this court, clearly cannot be said to show a legislative intention to protect an employer against deceit practiced upon him by a minor as to his age, but show an intent to protect such employer through agencies created to serve the interests of minors.

The contention that an award of treble damages for injury received by a minor employed in violation of the labor laws should be set aside on the ground of fraudulent representations as to age by the minor in obtaining employment has long been settled in this state adversely to the theory of estoppel, and no reason is shown for disturbing the line of previous decisions. *Mueller & Son Co. v. Gothard, supra; Zurich Gen. Acc. & L. Co. v. Industrial Comm.* (1928) 196 Wis. 159, 216 N. W. 137, 220 N. W. 377; *Hills Dry Goods Co. v. Industrial Comm.* (1935) 217 Wis. 76, 258 N. W. 336.

*By the Court.*—Judgment reversed, and cause remanded with directions to confirm the award of the Industrial Commission.