Hertz Drivurself Stations, Inc., Appellant, vs. Indus-
trial Commission and another, Respondents.

*January 21—February 15, 1949.*

*Adolph I. Mandelker* of Milwaukee, for the appellant.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

BROADFOOT, J.    The employer, appellant, argues that the award of double compensation should not be confirmed for the following reasons: (1) Liability for double compensation where a minor is employed without a permit is predicated on the negligence of the employer; (2) double compensation should be imposed only where failure to have a child-labor permit is a cause in fact of the injury; and (3) double compensation should not be imposed where a minor assumes the risk of working without a permit.

None of the above contentions is sound.    The statutes require the imposition of double compensation under the facts in this case.    The Industrial Commission had no discretion and properly made the award.    The circuit court was correct in confirming it.    The liability for double compensation provided for by the Wisconsin statutes is not predicated on the negligence of the employer.    *Brenner v. Heruben* (1920), 170 Wis. 565, 176 N. W. 228.

As to the last two contentions, a reading of the statutes and the decisions of this court will show that the legislature based the entire concept of the statutes upon the protection of the child.    The duty of obeying the child-labor laws is on the employer and not on the minor.    This court has held that the provisions of the statute for double and triple compensation apply even though the minor obtains employment by falsifying his age and practicing deceit.    *Bloomer Brewery, Inc., v. Industrial Comm.* (1942), 239 Wis. 605, 2 N. W. (2d) 226; *Milwaukee News Co. v. Industrial Comm.* (1937), 224 Wis. 130, 271 N. W. 78.

*By the Court.*—Judgment affirmed.