## L. HAZEL GILBERT *vs.* WIRE GOODS COMPANY.

Worcester. September 29, 1919. — October 9, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Negligence,* Employer's liability. *Workmen's Compensation Act,* Employee's claim of common law rights. *Words,* "Employee."

In an action at common law for personal injuries sustained while in the employ of the defendant, it appeared that the plaintiff entered the defendant's employ in 1910 and that on July 1, 1912, the defendant became a subscriber under the workmen's compensation act and posted printed notices in form and substance as required by St. 1911, c. 751, Part IV, §§ 20, 21, in the manner approved by the Industrial Accident Board and in accordance with the rule of that board on the subject, that the notices remained in position up to and including the date of the plaintiff's injuries, that, when the defendant became a subscriber, the plaintiff was a minor, that neither the plaintiff nor her parent ever read the notices or had any knowledge of their contents or was served with notice that the defendant was a subscriber under the act otherwise than by the notices so posted, and that no notice in writing claiming the plaintiff's common law rights ever was given by the plaintiff or her parent to the defendant. St. 1911, c. 751, Part I, § 5, provides that, if the contract of hire was made before the employer became a subscriber, the employee shall be held to have waived his right of action at common law to recover damages for personal injuries, if he shall not have given his employer notice in writing that he claimed such right within thirty days of notice of such subscription. *Held,* that the plaintiff by failing to give the notice required by § 5 had waived her right of action at common law, although she had had no knowledge of the fact that the defendant was a subscriber.

Under the title and provisions of the workmen's compensation act (St. 1911, c. 751, as amended) and the definition of "Employee" contained in Part V, § 2, of the act, a minor employee is within the provisions of the act and is bound by its terms.

The provision contained in Part II, § 14, of the workmen's compensation act that, "If an injured employee is mentally incompetent or is a minor at the time when any right or privilege accrues to him under this act, his guardian or next friend may in his behalf claim and exercise such right or privilege," does not deprive a minor of his rights under the act or of the power to exercise them himself.

TORT at common law for personal injuries sustained on July 5, 1916, while in the employ of the defendant. Writ dated September 7, 1916.

In the Superior Court the case was submitted to *N. P. Brown, J.,* upon an agreed statement of facts, and no question in refer-

ence to the pleadings was raised by either party. The material facts are stated in the opinion. The judge by agreement of counsel ordered a verdict for the defendant, subject to the plaintiff's exception, and reported the case for determination by this court, with a stipulation that, if there was error in directing a verdict for the defendant, judgment was to be entered for the plaintiff in the sum of $800; otherwise, judgment was to be entered for the defendant.

*F. W. Morrison*, for the plaintiff.

*C. C. Milton*, (*F. L. Riley* with him,) for the defendant.

CROSBY, J. This is an action of tort at common law to recover for personal injuries alleged to have been received by the plaintiff while in the employ of the defendant. A judge of the Superior Court directed a verdict for the defendant and reported the case to this court.

The plaintiff entered the employ of the defendant in August, 1910, and continued in such employ until the date of her injury, July 5, 1916. She was born on October 10, 1891. The defendant became a subscriber under the workmen's compensation act on July 1, 1912, and continued as such up to and including the date of the plaintiff's injury. On July 1, 1912, it posted printed notices, in form and substance as required by St. 1911, c. 751, Part IV, §§ 20, 21, and in the manner approved by the Industrial Accident Board and in accordance with Rule I adopted by the board to take effect on July 1, 1912, at the principal entrance to the factory through which the plaintiff passed in going to and from her work, in the corner of the room where she was employed, and in each room where employees worked; and they remained in position up to and including the date of the plaintiff's injuries. *Pecott's Case,* 223 Mass. 546, 549. Neither the plaintiff nor her parent as her natural guardian ever read the notices or had knowledge of their contents or was served with notice that the defendant was a subscriber under the act otherwise than by the notices so posted, and neither the plaintiff nor her parent ever expressly in writing or orally waived her common law rights, and no notice in writing claiming such rights was ever given by either of them to the defendant.

In *Young* v. *Duncan,* 218 Mass. 346, it was held that under Part I, § 5, the employee is held to have waived his common law

rights if he fails to give notice "at the time of his contract of hire," and that this provision of the statute is not dependent upon any other condition or circumstance and "is not made to rest upon knowledge or notice to him of the fact that the employer is a subscriber."

As the plaintiff entered the defendant's employ before it became a subscriber, the question to be decided is not the same as that presented in *Young* v. *Duncan,* *supra.* Section 5 provides that, if the contract of hire was made before the employer became a subscriber, the employee shall be held to have waived his right of action at common law to recover damages for personal injuries if he shall not have given such notice within thirty days of notice of such subscription.

We are of opinion that the construction put upon § 5 by this court in *Young* v. *Duncan, supra,* applies in principle to employees whose contract of hire began before the employer became a subscriber, and that in either case it is plain that the employee waives his common law rights to recover for personal injuries unless he gives his employer the required notice.

It was said in *Young* v. *Duncan, supra,* at page 352, with reference to § 5, Part I, "It simply establishes a status between subscribers under the act and their employees in the absence of express action by the latter manifesting a desire to elect a different status." See *King* v. *Viscoloid Co.* 219 Mass. 420.

The remaining question is, Do the provisions of the workmen's compensation act apply to an employee who is a minor? The word "employee" as used in the act is defined in Part V, § 2, as amended as follows:

"'Employee' shall include every person in the service of another under any contract of hire, express or implied, oral or written, except masters of and seamen on vessels engaged in interstate or foreign commerce, and except one whose employment is not in the usual course of the trade, business, profession or occupation of his employer. . . ."

The title to the act and its provisions in general show that it relates to payments to "employees" for personal injuries. The definition does not in terms exclude minors, but on the contrary includes "every person in the service of another under any contract of hire," with the exception of certain persons specifically

described.   Children and minors are expressly recognized in
Part II, § 7 (c), as amended by St. 1914, c. 708, § 3.   Under Part II,
§ 22, as amended by St. 1914, c. 708, § 8, the Industrial Accident
Board is authorized in its discretion to provide for the payment
of a lump sum to a minor who has received permanently disabling
injuries.   See also St. 1915, c. 236.

If a minor is not within the terms of the act and therefore
not bound by them, it would follow that the insurer would be
relieved from making payments thereunder to a minor employee
if the contract of hire was made before he became of full age.   To
reach such a conclusion would result in great hardship.   It would
not be in accord with the language of the act or in harmony
with its humanitarian purposes which were to cure the defects
of previously existing remedies and to provide adequate and just
protection to employees against injuries, and relief in case of
accidents.

Part II, § 14, provides that, "If an injured employee is mentally
incompetent or is a minor at the time when any right or privilege
accrues to him under this act, his guardian or next friend may
in his behalf claim and exercise such right or privilege."   This
section does not deprive a minor of his rights under the act; it
simply authorizes his guardian or next friend to exercise similar
rights and privileges in his behalf.

In accordance with the terms of the report, judgment is to be
entered for the defendant.

<div align="right">

*So ordered.*