CECIL J. PIERCE'S (dependent's) CASE.

Suffolk.   March 5, 1929. — May 28, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Workmen's Compensation Act*, To whom act applies.  *Contract*, Validity,
   Of employment.  *Minor*.  *Words*, "Employee," "Person."

The mere fact, that an employer, insured under the provisions of the
   workmen's compensation act, employs a boy under the age of eighteen
   years and permits him to work in or about an establishment "wherein
   gunpowder, nitroglycerine, dynamite or other high or dangerous ex-
   plosive is manufactured or compounded" in violation of G. L. c. 149,
   § 62 (11), § 78, and § 24 of the rules and regulations of the department
   of public safety, does not deprive a dependent of such a minor, whose
   life was lost by reason of an explosion while he was at work in such
   employment, of a right to compensation under the act.
A minor is included in the word "person" in the definition of the word
   "employee" in the workmen's compensation act.

CERTIFICATION to the Superior Court· under the provi-
sions of the workmen's compensation act of a decision by
the Industrial Accident Board, awarding compensation to
the father of Cecil J. Pierce, whose life was lost by reason
of an explosion while he was in the employ of National
Fireworks, 'Inc.

In the Superior Court, the case was heard by *Bishop*, J.
Material facts are stated in the opinion.  A final decree
was entered awarding compensation.  The insurer appealed.

*G. Gleason*, for the insurer.

*S. B. Horovitz*, for the claimant.

PIERCE, J.   This case comes before us on the appeal of the
insurer from a decree of the Superior Court in accordance
with a decision of the Industrial Accident Board.

The claimant filed a claim for compensation on April 16,
1928, in which he alleged that his son, Cecil J. Pierce, was
injured at about 8:30 A.M. on January 30, 1928, at the plant
of the National Fireworks, Inc.; that "While working in
mixing room an explosion took place causing his death."
On the same day, the subscriber reported that the employee

was fatally burned, and described the accident resulting in the injury as follows: "He was carrying a tub of compound which had remained over from the previous week, into the mixing room to be reworked, and arrived there just as an aluminum dust explosion occurred. He was knocked down and apparently stunned, being fatally burned in the fire which followed the explosion."

The reported evidence supports the findings of the single member and the reviewing board, in substance, that Cecil J. Pierce at the time of his injury and death was under the age of eighteen years; that he was then employed by or permitted to work for the National Fireworks, Inc. which manufactured or compounded as a part of its business dangerous explosives; that it was a fireworks manufactory, and the sparkler mixture, so called, was a dangerous explosive; that the company employed or permitted Cecil J. Pierce to work in or about the mixing room of the sparkler department, and in or about its establishment where dangerous explosives were manufactured or compounded; that the company violated the provisions of G. L. c. 149, § 62 (11), and § 24 of the rules and regulations of the department of public safety adopted and prescribed in accordance with the provisions of G. L. c. 148 as amended and after due publication of notice and a public hearing.

The single member and the reviewing board refused to find and rule, in substance, that the claimant is not entitled to compensation (a) if Cecil J. Pierce was employed or permitted to work by the company in violation of G. L. c. 149, § 62 (11), (b) if Cecil J. Pierce was employed by the company in violation of § 24 of the rules and regulations of the department of public safety, (c) if the company manufactured or compounded a dangerous explosive in its sparkler department in or about which Cecil J. Pierce was employed or permitted to work, and (d) if the company manufactured or compounded a dangerous explosive anywhere upon the premises of its fireworks manufactory and did not manufacture or compound a dangerous explosive in its sparkler department in which Cecil J. Pierce was employed.

G. L. c. 149, § 62 (11), provides "No person shall employ

a minor under eighteen or permit him to work . . . in or about establishments wherein gunpowder, nitroglycerine, dynamite or other high or dangerous explosive is manufactured or compounded." G. L. c. 149, § 78, provides a penalty for the violation of § 62, as well as for other sections contained in G. L. c. 149. Section 24 of the rules and regulations of the department of public safety reads: "No person under the age of eighteen years shall be employed in a fireworks manufactory, and such persons shall not enter or remain at such manufactory unless accompanied at all times by some authorized adult person." Upon the facts found, and the law applicable to the illegal employment, G. L. c. 149, § 62 (11), the insurer contends (1) "The workmen's compensation act (G. L. c. 152) was not intended to apply to minors illegally employed"; and (2) "A parent, whose minor child, illegally employed, is killed as a result of such employment, is not entitled to compensation under the workmen's compensation act."

G. L. c. 149, § 62, does not forbid minors under eighteen years of age from engaging in the employment described in § 62 (11), that is, in a place where dangerous explosives are manufactured or compounded. G. L. c. 149, § 78, does not impose a penalty upon such a minor so employed, or upon the parent or guardian of such minor who permits him to work in the place of the inhibited employment. At common law, before the adoption of the workmen's compensation act in 1911, a minor, employed in violation of a statute passed for his protection, while at work was not acting illegally, unless that statute expressly forbade his undertaking that employment. *Moran* v. *Dickinson,* 204 Mass. 559. *Berdos* v. *Tremont & Suffolk Mills,* 209 Mass. 489. The violation of such a statute could not be used as a shield to an action at law by an employee to recover damages for a breach of duty imposed on the employer by the common law, nor would such illegal employment be a defence to an action by the minor employee to enforce a contractual agreement for fixed wages. Under the workmen's compensation act it is provided that the word " 'Employee' shall include every person in the service of another under any contract of hire, express or

implied, oral or written . . . ." It is settled that minors are included in the word "person" in the definition of employees. *Gilbert* v. *Wire Goods Co.* .233 Mass. 570, 572. G. L. c. 152, § 32, as amended provides: "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: . . . (e) A parent upon an unmarried child under the age of eighteen years; provided, that such child was living with the parent at the time of the injury resulting in death . . . ."

The employee gave no notice at the time of his contract of hire, G. L. c. 152, § 24, that he claimed his right of action at common law; he was, therefore, to be held to have waived that right. *Young* v. *Duncan,* 218 Mass. 346, 349. *Devine's Case,* 236 Mass. 588, 593. *Cook's Case,* 243 Mass. 572, 579. *Gillard's Case,* 244 Mass. 47, 54. The claimant's right to compensation for the death of his unmarried son, under the age of eighteen and living with his parents at the time of his injury and resulting death, was created by St. 1926, c. 190, and is the claimant's sole remedy. *McDonnell* v. *Berkshire Street Railway,* 243 Mass. 94, 95, 96. The employer was relieved of all common law and statutory liabilities, including liability for the death of the employee, by the waiver of the employee's right of action at common law and by the enactment of St. 1926, c. 190.

As respects the rights of minors under the act, we do not perceive any reason to differentiate between those who are lawfully employed and those employed as a consequence of the employer's illegal conduct. In both instances the minors are free from any statutory inhibitions; their contracts as to themselves are free from the taint of illegality; in each case they are entitled to similar benefits and to an equivalent amount of protection. The parties were possessed of capacity to establish the relation of master and servant, notwithstanding the contrary obligation which the statute imposed upon the employer. The contract is not of that type which is wholly void and from which no enforceable rights can arise. See *Moran* v. *Dickinson, supra,* and cases cited, at page 562.

The violation of the statute subjects the employer to the penalties mentioned in the statute; but it does not prevent

the relation of employer and employee from coming into existence, nor affect the rights incident to that status which accrue to an employee who himself is free from wrongdoing. The purpose of the statute (G. L. c. 152), is to affect only public obligation and to confer no private rights. *Dahlin* v. *Walsh*, 192 Mass. 163. *Kirby* v. *Boylston Market Association*, 14 Gray, 249. *Berdos* v. *Tremont & Suffolk Mills*, 209 Mass. 489, at page 494. The numerous cases cited by the insurer in support of its contentions in most instances are not applicable here, for the reason that the definition of the word "employee" in the statutes of Indiana, Michigan and Minnesota necessarily excludes minors. *In re Stoner*, 74 Ind. App. 324. *Kruczkowski* v. *Polonia Publishing Co.* 203 Mich. 211. *Westerlund* v. *Kettle River Co.* 137 Minn. 24. See also *Hetzel* v. *Wasson Piston Ring Co.* 89 N. J. L. 201; *Lincoln* v. *National Tube Co.* 268 Penn. St. 504. We accept as the better view, because more in harmony with the broad purpose of the Legislature in the enactment of the compensation law, the reasoning of the judgments in *Noreen* v. *William Vogel & Bros. Inc.* 231 N. Y. 317, *Humphrees* v. *Boxley Brothers Co.* 146 Va. 91, and *Rasi* v. *Howard Manuf. Co.* 109 Wash. 524.

It results that the entry must be

*Decree affirmed.*