RAMÓN MONTANER, ETC., Appellant, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO ET AL., Respondents.

No. 33. Argued May 2, 1938.—Decided July 13, 1938.

*B. Fernández García, Attorney General, Emilio de Aldrey, Assistant Attorney General, and Luis Negrón Fernández, Attorney for State Fund, for appellant. Virgilio Brunet for claimant.*

MR. JUSTICE WOLF delivered the opinion of the court.

From the undisputed facts of this case it appears that Ramón Luis García Robles, a minor, suffered an accident while in the course of his employment; that at the time of the accident he was 14 years of age aind was employed without his employer having obtained the necessary permit provided for by section 8 of Act No. 75 of 1921 (Session Laws, p. 678) regulating the employment of minors.

The question arose as to whether such a child, who was of a ''permissible'' age of employment, was protected or covered by the Workmen's Compensation Act. (No. 45 of 1935, Session Laws, p. 250). The Manager of the State Fund

denied compensation on the ground that at the time of the accident the employment was illegal and therefore not contemplated by the State Insurance Act. On appeal to the Industrial Commission the decision of the manager was reversed and compensation was granted. The Manager of the State Fund appealed to this court and assigns three errors, which in reality may be reduced to one.

■■ The only issue to determine is whether the minor has a right to protection under the Workmen's Compensation Act of 1935, *supra*. The point has not been decided in this jurisdiction, but there is an abundance of jurisprudence in the different States of the Union. The general rule followed by the majority of the States is that the employment contemplated by the provisions of Workmen's Compensation Acts is a lawful employment, and that those statutes are inapplicable in cases of injury to a minor whose employment is unlawful. See 14 A.L.R. 825; 33 A.L.R. 341; 49 A.L.R. 1436; 60 A.L.R. 848; and 83 A.L.R. 420, and cases cited therein.

It appears likewise that with the possible exception of Wisconsin, Washington, and New York, the courts have not recognized any distinction between the employment of a minor who could not be lawfully employed at all, and a minor who might be employed under specified conditions of work or with a special permit but where such permit or such conditions were not followed. The same notes above cited from the American Law Reports may be consulted.

It is true, as the Industrial Commission states in its opinion, that many of the statutes which have been interpreted as recited above, had provisions expressly limiting the application of such statutes to minors who were legally permitted to work under the laws of the State. A great deal of stress is brought to bear upon the fact that our Workmen's Compensation Act has no such express limitation. Section 38 of the Workmen's Compensation Act in force, in defining what is a "workman" or "employee," provides:

" 'Workman' or 'employee,' shall be understood to mean any person in the service of any individual, partnership, or corporation regularly employing workmen included under the provisions of this Act; *Provided,* That workmen and employees engaged in domestic service, those whose work is of a temporary nature and is not included under the business, industry, profession, or occupation, those who work in their homes, and those whose employers are exempt from the obligations imposed by this Act are expressly excluded.

"The words 'workman' or 'employee' include every laborer employed in any manufacturing, commercial, or agricultural establishment or occupation by any natural or artificial person, for any compensation, and by the Insular Government or any of its dependencies, according to the purposes of this Act."

The employee and the Industrial Commission maintain that the above definition is broad enough to include any and all minors actually employed.

Section 8 of Act No. 75 of 1921, *supra,* however, reads:

"That no child of fourteen and under sixteen years of age shall be employed, permitted or suffered to work in, about, or in connection with any gainful occupation with the exception of domestic, farm and garden labor, unless his employer procures and keeps on file and accessible to any officer, inspector, or other person authorized to enforce or aid in enforcing this Act a permit to work during the school course, issued as hereinafter described, and keeps a complete list of all such children employed therein conspicuously posted in the place where such children are employed in such occupation."

There is no doubt in this case that the requirements of the above section were not fulfilled.

There have been cases which have held that minors illegally employed should be considered as entitled to the protection of the Workmen's Compensation Act under the supposedly "broad, humanitarian purpose of the law to give certain and speedy relief to those suffering injury in industry and to those dependent upon them." *Pierce's Case,* 267 Mass. 208; 166 N.E. 636. The policy of the Child Labor Laws, enacted for the protection of the health and development of children is better promoted we think, by an interpretation of the Work-

men's Compensation Act which is in accord with the expressed principles of such labor laws as already in force at the time the present Workmen's Compensation Act was approved. One must not forget that the contract of insurance is between the employer and the State Fund and that the employee is only a beneficiary who has, or should have, no right unless all the conditions of such contract of insurance have been fulfilled by his employer. The child, if deprived of his action under the Workmen's Compensation Act, has still a remedy in the courts against his employer.

It is our opinion that the Workmen's Compensation Act contemplates the protection of an employee who has been legally employed and not one whose employment was in violation of law. A child who is between the ages of 14 and 16 and for whose employment no permit has been obtained is in the same position as one who is under 14 and is thus employed in violation of the Organic Act and the Child Labor Act of 1921. Each of the employments is in violation of law and hence we hold not intended to be insured by the State Fund.

We agree with the appellant that the Child Labor Law must be taken into consideration when interpreting the Workmen's Compensation Act. It is a matter of public welfare as well as of public policy that only such minors as are duly qualified to work under the Child Labor Law should be employed. To permit employers to engage minor children and entitle both employer and employee to the privileges of the Workmen's Compensation Act would tend to encourage rather than discourage child labor. This principle is supported by the following cases: *Messner* v. *Industrial Board*, 282 Ill. 562; 118 N.E. 993; *Rock Island Coal Mining Co.* v. *Gilliam*, 213 Pac. 833, 89 Okla. 49; *Widdoes* v. *Laub*, 129 A. 244, 33 Del. 4; *Lincoln* v. *National Tube Co.*, 112 A. 73, 268 Pa. 504 and many others.

In the case of *Tilgham Co.* v. *Conway*, 133 A. 593, the court said:

" . . . The result of a condition in which a child between the ages of 14 and 16 is employed or suffered to work in a factory without an employment certificate is the same as if the child was under the age of 14. In both of such cases the employment is illegal, being specifically prohibited by those sections of article 100 of the Code above quoted. It being thus seen that the employment is illegal and prohibited by positive law, do the provisions of the Workmen's Compensation Law, embrace and apply to such person? We think not."

The case has a detailed discussion of the problem now before us and a good analysis of various leading cases.

The interpretation we are making, we believe inures to the benefit of minor children and is consistent with the better principles of the law.

For the above reasons the decision of the Industrial Commission should be reversed.

Mr. Justice De Jesús took no part in the decision of this case.