## GEORGE R. GARNHUM'S CASE.

Suffolk.     October 9, 1964. — October 30, 1964.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Workmen's Compensation Act,* Double compensation, Minor, Who is employee, Serious and wilful misconduct of employer, Serious and wilful misconduct of employee. *Minor. Contract,* Of employment. *Public Policy. Words,* "Serious and wilful misconduct."

It is a necessary implication of G. L. c. 152, § 28, that a minor, known to be such by his employer, employed in violation of any provision of sections of c. 149 specified by § 28 is an "employee" for the purpose of recovery of double compensation under § 28.   [89–90]

That one who "wanted a job for the summer" represented that he was over sixteen years of age to a prospective employer when in fact he was under that age did not constitute "serious and wilful misconduct" on his part barring him under G. L. c. 152, § 27, from receiving double compensation under § 28 for an injury arising out of and in the course of his employment in work on a machine in a factory in violation of c. 149, §§ 60, 61.   [90]

Public policy did not require denying an injured employee recovery of double compensation under G. L. c. 152, § 28, because of the fact that the employee had represented to the employer that he was over sixteen years of age when in fact he was under that age and thereby caused the employer, who knew the employee was a minor, to employ him for work on a machine in a manufacturing establishment in violation of c. 149, §§ 60–61.   [90–92]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Coddaire, J.*

*George Waldstein* for the employer.

*Stanley S. Lewenberg (Meyer H. Goldman* with him) for the claimant.

SPIEGEL, J.   This is an appeal by the employer from a final decree of the Superior Court awarding double compensation to the claimant in accordance with a decision of the reviewing board which adopted the findings and decision of the single member.   G. L. c. 152, § 10, as amended through St. 1947, c. 546.

We herewith summarize the relevant facts found by the single member. On June 22, 1962, the claimant, who "wanted a job for the summer," filed an "Application for Employment" form with the employer (a manufacturing concern) in which the claimant stated that he had lived in the State for sixteen years. He also filed a "Report of Physical Examination" in which he had asserted his age to be sixteen years and nine months, although he was actually less than sixteen years of age. In a subsequent interview with one Frederick K. Whiting, vice-president and treasurer of the employer, in response to a question as to whether he was "sixteen, going on seventeen, he replied in the affirmative." No birth or employment certificates were ever obtained from the claimant or any other source. The claimant began his employment on June 25, 1962, and was "assigned jobs on various machines between June 25 and July 11, 1962." On July 11, 1962, the claimant was assigned to work on a "hydraulic machine" with "electric controls" and while operating it he injured his left hand. A claim for compensation was filed alleging, inter alia, that the employer unlawfully permitted the claimant to operate the machine while he was under sixteen years of age.

The single member concluded that the employer "had acquired sufficient information to apprise him of the minority of the . . . [claimant] at the time of his being hired," and that "the employment of [the] claimant . . . was in violation of provisions of Chapter 149 and constitutes serious and wilful misconduct on the part of the employer . . . ." Double compensation under G. L. c. 152, § 28 (as amended through St. 1943, c. 529, § 9), was awarded to the claimant. It was agreed that the claimant "was injured in the course of his employment . . . and that as a result of the injury he is still disabled."

1. The employer contends that the claimant "is barred from recovery under the act[1] because he was not an 'em-

---

[1] General Laws c. 152, § 1 (4), defines "employee" as "every person in the service of another under any contract of hire, express or implied, oral or written . . . ."

ployee,' " since "his contract of employment was void."
We do not agree.

General Laws c. 149, § 60 (as amended through St. 1947,
c. 109, § 1), provides in part that "No person shall employ
a child under sixteen years of age, or permit him to work
in, about or in connection with any factory, workshop, man-
ufacturing or mechanical establishment at any time." Sim-
ilarly, G. L. c. 149, § 61, relied on by the employer, provides
that "No person shall employ a minor under sixteen or per-
mit him to work in operating or assisting in operating any
of the following machines: . . . (17) power punches or
shears, . . . (21) upon or in connection with any danger-
ous electrical machinery or appliances, . . . or in proximity
to any . . . machinery or gearing while such machinery or
gearing is in motion." According to the employer, it is the
illegality of the employment under these provisions which
denies any recovery to the claimant.

However, under G. L. c. 152, § 28 (as amended through
St. 1943, c. 529, § 9), "If the employee is injured by reason
of the serious and wilful misconduct of an employer or of
any person regularly intrusted with and exercising the pow-
ers of superintendence, the amounts of compensation here-
inafter provided shall be doubled. . . . *The employment
of any minor, known to be such, in violation of any provi-
sion of sections sixty to seventy-four, inclusive, or of sec-
tion one hundred and four of chapter one hundred and
forty-nine shall constitute serious and wilful misconduct
under this section*" (emphasis supplied). It seems obvious
that violation of the very statutory provisions upon which
the employer relies, in contending that the claimant cannot
recover, operates by virtue of this section to qualify him for
double recovery. The necessary implication of this sec-
tion is that a minor employed as a consequence of the em-
ployer's unlawful conduct[2] is an "employee" with all the
rights incident to that status under the act. Cf. *Pierce's*

---

[2] General Laws c. 149, § 78 (as amended through St. 1954, c. 240, § 3), im-
poses a penalty for the violation of G. L. c. 149, §§ 60–74.

*Case,* 267 Mass. 208, 211–212; *West's Case,* 313 Mass. 146, 148. See generally Larson, Workmen's Compensation Law, § 47.52(a)–47.52(b).

2. The employer also contends that the claimant is barred from receiving compensation because of his "serious and wilful misconduct" in misrepresenting his age. The employer relies on G. L. c. 152, § 27, which provides that "If the employee is injured by reason of his serious and wilful misconduct, he shall not receive compensation."

"In order to bar the employee his conduct must be both serious and wilful. The word serious refers to the conduct itself and not to its consequences. Wilful implies intent or such recklessness as is the equivalent of intent. This subject was . . . discussed and the cases collected in *Scaia's Case,* 320 Mass. 432. In that case we directed attention to the definition of 'reckless disregard of safety' in § 500 of the Restatement: Torts as involving not only the intentional doing of the act charged, but also an easily perceptible danger of substantial bodily harm or death and a great chance that such harm will result." *Dillon's Case,* 324 Mass. 102, 110. See *Thayer's Case,* 345 Mass. 36, 40. The act of the minor claimant in misrepresenting his age because he "wanted a job for the summer" does not rise to the level of "serious and wilful misconduct" as that standard is defined in *Dillon's Case, supra.* There is not implicit in that act of misrepresentation "an easily perceptible danger of substantial bodily harm or death and a great chance that such harm will result." It is not like assaulting a fellow employee with a fork and thereby suffering a stab wound in return, *Houston's Case,* 344 Mass. 754, or like a roofer's deliberate failure to work with a staging. *Silver's Case,* 260 Mass. 222. See generally Larson, Workmen's Compensation Law, § 32.

3. The employer would also deny the claimant recovery on grounds of public policy. In this connection, it is arguable that a possible hazard arising from a minor's misrepresentation of his age when applying for work is that he may be assigned to tasks which are too dangerous for him.

It may be conjectured that the employer would not have assigned the claimant to work on the machine had the employer known the claimant's true age and therefore would not have violated G. L. c. 149, §§ 60–61. But this hardly furnishes a basis for avoiding the effect of G. L. c. 152, § 28, quoted above. "[T]he plain intent of § 28 . . . is to make the employer liable if he hires one, for the performance of the prohibited occupations, who he knows is a minor, even if he does not know that he is under the age at which he could lawfully be employed for the performance of such work. This accords with other provisions of the child labor law, imposing duties upon employers hiring minors to procure permits and educational certificates. G. L. . . . c. 149, §§ 86, 95. Restrictions upon the freedom of contract imposed in the interests of society in general and for the benefit of minors in particular must be observed by those seeking to avail themselves of the services of those under age." *West's Case,* 313 Mass. 146, 150. *Juozapaitis's Case,* 335 Mass. 137, 140.

In the case at bar the employer knew the claimant was a minor and could have avoided the effect of § 28 by demanding and obtaining the employment permits required by G. L. c. 149, §§ 86 and 95,[3] before engaging the claimant to work in the manufacturing establishment.

---

[3] General Laws c. 149, § 86 (as amended through St. 1947, c. 109, § 2), provides, in relevant part: "No person shall employ a child under sixteen years of age, other than a child over fourteen granted an employment permit by the superintendent of schools when such superintendent determines that the welfare of such child will be better served through the granting of such permit, or permit him to work in, about or in connection with any mercantile establishment or in any employment mentioned in section sixty, . . . and provided, further, that no permit shall be issued to any child under sixteen to work in, about or in connection with any manufacturing or mechanical establishment, factory or workshop." A penalty for violation of this section is imposed under G. L. c. 149, § 90, as amended through St. 1945, c. 133, § 8.

General Laws c. 149, § 95, as amended through St. 1956, c. 234, § 1, provides, in relevant part: "No minor over sixteen and under eighteen shall be employed in a factory, workshop, manufacturing, mechanical or mercantile establishment . . . except as provided for pupils in co-operative courses, unless his employer procures and keeps on file an educational certificate showing the age of the minor and whether or not he meets the requirements for the completion of the sixth grade of the public schools of the town where he resides." A penalty for violation of this section is imposed under G. L. c. 149, § 97.

We are of opinion that the clear intent of the statutory provisions is to protect minors from employment in hazardous jobs and that the claimant is not barred from recovery despite the fact that he misrepresented his age to his employer. *Villapando* v. *Industrial Commn.* 70 Ariz. 55, 56–57. *Halfacre* v. *Paragon Bridge & Steel Co.* 368 Mich. 366, 375, 381. *Sackolwitz* v. *Charles Hamburg & Co. Inc.* 295 N. Y. 264, 268–270. *Bloomer Brewery, Inc.* v. *Industrial Commn.* 239 Wis. 605, 606–609. *Hertz Drivurself Stations, Inc.* v. *Industrial Commn.* 254 Wis. 308, 309. Schneider, Workmen's Compensation, § 1177 (b).

The decree is affirmed. Costs of this appeal are to be determined by the single justice.

*So ordered.*