206 A.2d 534.

LEROY DEIGNAN *vs.* COWAN PLASTIC PRODUCTS CORPORATION.

JANUARY 26, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

194

JOSLIN, J. This is an original petition under the workmen's compensation act. It is before this court on an appeal by the respondent employer from a decree of the commission affirming a decree of the trial commissioner awarding double compensation benefits to the employee under G. L. 1956, §28-33-22.

In pertinent part that section provides that: "If, at the time of the injury, the employee injured is a minor employed in violation of any laws of this state or of the United States relating to the employment of minors, then the compensation payable shall be two (2) times the amount which would have been payable if such minor had been legally employed."

The petitioner admittedly sustained a compensable injury on May 15, 1962 while employed in respondent's factory on the 12 midnight to 8 a.m. shift. He was then sixteen years of age. Notwithstanding that the employment of a minor under the age of eighteen is prohibited by §28-3-11, "before 6 o'clock in the morning or after 11 o'clock in the evening of any day" respondent contends that petitioner is not entitled to compensation under §28-33-22 because he falsely represented on his employment application that he had passed his eighteenth birthday.

Our references herein to §§28-33-22 and 28-3-11 are to those sections as they stood at the time of petitioner's injury and prior to their amendment by P. L. 1963, chaps. 44 and 132 respectively.

If not unanimously, at least by the great weight of authority, it is held under statutory provisions similar to §28-33-22 that misrepresentation of age by a minor is unavailable as a defense in proceedings for additional compensation. *Villapando* v. *Industrial Comm'n,* 70 Ariz. 55; *In Re Garnhum's Case,* 348 Mass. 87, 202 N.E. 2d 255; *Halfacre* v. *Paragon Bridge & Steel Co.,* 368 Mich. 366; *Sackolwitz* v. *Charles Hamburg & Co.,* 295 N. Y. 264; *Bloomer Brewery, Inc.* v. *Industrial Comm'n,* 239 Wis. 605.

The rationale of the authorities is that the laws relating to child labor as well as those which provide for additional compensation to minors injured while illegally employed were intended not to punish the errant employer, but to protect and preserve the health and welfare of minor children. If eligibility for the benefits conferred were to turn on whether the injured person misprepresented his age, it would seriously interfere with those salutary purposes, and would impute to the legislature a purpose to deny such benefits to one who, through force of circumstances or otherwise, falsified as to his age in order to secure gainful employment. The authorities have found no such legislative intention.

Looking to our own workmen's compensation act, it is obvious that if the legislature had deemed it expedient to deny the benefits of additional compensation to such a minor, it could have done so specifically in the same manner that in §28-33-2 it denied all compensation benefits to one whose injury "was occasioned by his wilful intention" to bring it about or "resulted from his intoxication while on duty." Its failure to do so is persuasive of an intention to protect every minor, including the one who misrepresents, against his own improvidence and to impose upon employers the affirmative obligation, if they would escape the consequences, of ascertaining the age of a prospective employee. The careful employer may seek to satisfy the burden by requiring a job applicant to furnish a certificate of age, see §28-3-2, a birth certificate or other satisfactory evidence of his age, as a prerequisite to employment. We hold that petitioner's misrepresentation of his age does not prevent his recovery of additional compensation under §28-33-22.

The respondent also contends that petitioner was not within the contemplation of §28-33-22 employed in violation of the laws of this state "at the time of the injury" because the injury was sustained at 6:26 a.m. and the hours when his employment was prohibited by §28-3-11 were limited to the interval "before 6 o'clock in the morning or after 11 o'clock in the evening of any day."

In arguing that the words "at the time of the injury" should receive such a narrow and restricted construction, respondent does violence to the language of the entire sentence in which they appear. We cannot construe the words upon which it relies as if they stood alone, but must consider them in the context of the sentence in which they appear, *Mount Pleasant Cab Co.* v. *Rhode Island Unemployment Compensation Board,* 73 R. I. 7, *Easton* v. *Fessenden,* 65 R. I. 259, and liberally in order to effectuate as fully as possible its beneficent purposes. *Broughey* v. *Mow-*

*ry Grain Co.,* 61 R. I. 221; *Perri* v. *Scott Testers, Inc.,* 84 R. I. 91; *Erba* v. *Erba Bros., Inc.,* 77 R. I. 75.

When we so construe that sentence, what is significant is whether the employment of the injured worker was illegal, rather than whether at the moment of injury the laws of the state were being violated. The legislative concern was directed to protecting illegally employed minors. In circumstances where an illegal work period might extend beyond the prohibited hours, the legislature did not contemplate that the worker as well as those who might witness his injury would check the accuracy of their watches in order to ascertain the precise instant it was sustained. This would lead to an absurd result which we cannot presume the legislature intended. *Genereux* v. *Pelosi,* 96 R. I. 452, 192 A.2d 630; *State* v. *Haggerty,* 89 R. I. 158. By permitting petitioner to work in its factory on the midnight to 8 a.m. shift, the employer violated §28-3-11 and thereby §28-33-22 became applicable to any injury sustained during his employment on that shift even if the instant at which it occurred was after 6 o'clock in the morning.

We conclude that the petitioner at the time of his injury was employed in violation of the laws of this state and was therefore entitled to double compensation notwithstanding that he misrepresented his age. That holding is dispositive of this case and therefore we do not reach the question of whether the nature of petitioner's assigned duties at the time of his injury constituted a violation of the laws of the United States.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings in accordance with this opinion.

*John R. Cosentino,* for petitioner.

*Charles H. Anderson, William G. Gilroy,* for respondent.