GEORGE R. GARNHUM'S CASE.

Suffolk. May 5, 1965. — July 1, 1965.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Workmen's Compensation Act,* Costs, Double compensation.

Following an appeal by the employer, but not by the insurer, from a final decree in a workmen's compensation case awarding double compensation under G. L. c. 152, § 28, and a decision by this court affirming the decree and reciting "costs of this appeal are to be determined by the single justice," an order by the single justice that the fees of the em-

---

ployee's attorney and cost of briefs on the appeal should be paid by the insurer, "said sums to be repaid by the employer to the insurer," was proper upon ordinary equitable principles under § 11A, as appearing in St. 1957, c. 693, § 3, where it appeared that the only issue in the original case was the employee's right to recover double compensation under § 28 by reason of the employer's serious and wilful misconduct and that the defence to the employee's claim for double compensation was conducted throughout by the employer. [476–477]

In the second sentence of G. L. c. 152, § 11A, as appearing in St. 1957, c. 693, § 3, the reference to "the court" includes this court or a single justice thereof. [475, 476]

MOTION for costs in a workmen's compensation case, filed in the Supreme Judicial Court for the county of Suffolk on November 10, 1964.

The employer and the insurer appealed from an order by *Spiegel, J.*

*Stephen A. Hopkins* for the insurer.

*George Waldstein* for the employer.

*Stanley S. Lewenberg* for the employee.

WILKINS, C.J. This case was previously here upon an appeal by the employer, but not by the insurer, from a final decree of the Superior Court awarding double compensation to the employee. That was the only issue, as the insurer acknowledged liability under G. L. c. 152, § 34, and has paid compensation weekly for total disability. The decree recited that the employee at the time of the injury was a minor; that the employer knew it; that the employment was in violation of G. L. c. 149, §§ 60, 89; and that this constituted serious and wilful misconduct under G. L. c. 152, § 28. The decree ordered that compensation and costs be paid by the insurer. The rescript stated: "The decree is affirmed. Costs of this appeal are to be determined by the single justice." 348 Mass. 87, 92.

Thereafter the attorney for the employee filed in the county court a motion for costs under G. L. c. 152, § 11A (as amended through St. 1957, c. 693, § 3). The motion was for an order that "the Insurer and/or employer" pay the costs. The single justice ordered that the attorney's fees on the appeal and the cost of briefs in the full court be paid by the insurer, "said sums to be repaid by the em-

ployer to the insurer." Both the employer and the insurer appealed.

Section 11A, so far as material, provides: "If the certification or appeal to the superior court . . . is by the insurer, and the claimant prevails, the superior court . . . and, on further appeal, the single justice, or full bench, shall allow the claimant, in addition to the award in the decree, an amount sufficient to relieve the employee of the reasonable cost of attorney's fees, briefs and other necessary expenses that result from the certification or appeal. If any party in interest presents certified copies to the superior court . . . under the provisions of section eleven for the purpose of enforcing decisions of the board or a member made in his favor, the court shall likewise allow such party the fees, briefs and expenses provided for by this section."

In G. L. c. 152, § 28 (as amended through St. 1943, c. 529, § 9), among other provisions are the following: "If the employee is injured by reason of the serious and wilful misconduct of an employer . . . the amounts of compensation . . . shall be doubled. In case the employer is insured, he shall repay to the insurer the extra compensation paid to the employee. If a claim is made under this section, and the employer is insured, the employer may appear and defend against such claim only." As was said in *West's Case,* 313 Mass. 146, 154–155, "The employer, therefore, becomes a real party in interest. He has the right to 'defend against such claim only.' The purpose of these words is to prevent the employer from appearing in any proceeding other than the one in which it is sought to prove the claim for double damages, but they do not restrict him from employing all available defences in contesting the claim. He is given more than the right to deny the claim or to show that he was not guilty of the conduct charged. His right to defend is as broad as the claim itself, and he has the right to attack every element necessary for the employee to prove to maintain the claim."

The employer in the case at bar took advantage of the last provision quoted from § 28, *supra.* Not only did

it appeal to the full court, but its counsel tried the case before the single member, and before the reviewing board, and had the case certified to the Superior Court.   See G. L. c. 152, § 11 (as amended through St. 1957, c. 693, § 2).[1]   See also *Dillon's Case,* 324 Mass. 102, 111–112.   In fact, counsel for the insurer, although he might have done so at all stages (G. L. c. 152, § 11), took no active part until the motion for the allowance of costs was presented to the single justice.

The employee could have presented certified copies to the Superior Court under § 11 for the purpose of enforcing the decision of the board.   But this would have been a bootless duplication of effort and expense once the same act had been performed by the employer.   We think that the statute is not to be given this unreasonable interpretation.   We agree that the statute could have been more clearly expressed, but we are of opinion that in cases of serious and wilful misconduct which has been held to be "conduct of a quasi criminal nature" (*Thayer's Case,* 345 Mass. 36, 39–40), the Legislature could not have intended to establish a lower standard of costs for the claimant.

The second sentence of § 11A is not to be construed as depriving the employee of costs before the single justice or the full bench.   The reference in it to "the court" must be taken to refer to the courts enumerated in the first sentence of § 11A.

The employer argues that there was error in ordering reimbursement of the insurer for the costs, because § 11A does not so provide.   Section 28, however, requires the employer to "repay to the insurer the extra compensation paid to the employee."   The costs in dispute are, of course, not extra compensation paid to the employee.   The litigation, however, has been concerned entirely with the payment of that extra compensation, which is the ultimate financial responsibility of the employer.   This is a question

---

[1] "Any party in interest may present certified copies of an order or decision of the reviewing board . . . and all papers in connection therewith, to the superior court . . . ."

between the employer and the insurer as to where that loss — in this case the costs allowed to the employee — will ultimately fall. "It has frequently been said that procedure under the [workmen's compensation] act is governed in general by the practice in equity." *Pierce's Case,* 325 Mass. 649, 652, and cases cited. Upon ordinary equitable principles costs should fall upon the party causing that loss.

Costs of this appeal are to be determined by the single justice.

*Order affirmed.*