JOHN L. PACCIA'S CASE (and a companion case[1]). July 20, 1976. 1. The evidence was sufficient to warrant the single member's findings (affirmed and adopted by the reviewing board "upon consideration of all the evidence") that the action of the crew foreman in ordering both employees into the trench constituted "serious and wilful misconduct" within the meaning of G. L. c. 152, § 28 (as appearing in St. 1943, c. 529, § 9). See generally *O'Leary's Case,* 367 Mass. 108, 111, 115-116 (1975), and cases cited. The present cases are governed in principle by such cases as *Randolph's Case,* 247 Mass. 245, 247-248 (1924), and *Thayer's Case,* 345 Mass. 36, 37-40 (1962), rather than by such cases as *Riley's Case,* 227 Mass. 55, 56-57 (1917), *Lopes's Case,* 277 Mass. 581, 582-583, 584-585 (1931), and *Scaia's Case,* 320 Mass. 432 (1946). Compare *O'Leary's Case, supra,* at 111-114, 116-117 (1975). Contrast the original finding in *Diaduk's Case,* 336 Mass. 5 (1957). 2. The city's argument concerning the absence of expert testimony on the question whether shoring the sides of the trench would have prevented the cave-in is wide of the mark. As we read the single member's findings, the serious and wilful misconduct found by him consisted of the crew foreman's ordering the employees into the trench without taking the precaution of shoring, contrary to the instructions of the general foreman of the water department (who was generally familiar with the provisions of G. L. c. 149, § 129A [as appearing in St. 1956, c. 431], and the rules and regulations therein referred to) and despite the conditions observed at the job site, the ready availability of shoring materials, and the employees' warnings and requests for shoring. Whether shoring would actually have prevented the accident was beside the point. 3. We reject all the city's arguments (structured largely on the concurring opinion in *Moschella* v. *Quincy,* 347 Mass. 80, 84-90 [1964]) that the provisions of G. L. c. 152, § 28, do not apply to the laborers,

---

[1] That of Michael Saba, injured in the same accident as the one in which Paccia was injured.

workmen and mechanics employed by a city or town which has accepted the provisions of the Workmen's Compensation Act. At the time this particular city voted (see St. 1914, c. 142) under the provisions of St. 1913, c. 807, § 3, to accept the provisions of St. 1911, c. 751, the essence of the first sentence of the present G. L. c. 152, § 28, was to be found in St. 1911, c. 751, Part II, § 3, as amended by and appearing in St. 1912, c. 571, § 1. See and compare the first sentence of G. L. c. 152, § 69, as appearing in St. 1959, c. 555. The judgments of the Superior Court are affirmed. The costs and expenses incurred by the employees in connection with the present appeals are to be determined by a single justice. G. L. c. 152, § 11A. *Garnhum's Case,* 349 Mass. 473 (1965).

*So ordered.*

*Peter F. Macdonald,* Assistant City Solicitor, for the city of Brockton.
*Laurence S. Locke (Donald N. Freedman* with him) for John L. Paccia, Sr., & another.