## Paula HUTTON, ppa for Brian Hutton, Plaintiff,

v.

## CAPE FOODS, INC., Defendant.

### Civ. A. No. 89–1879–C.

United States District Court,
D. Massachusetts.

May 30, 1990.

---

Albert Grady, Office of Albert Grady, Brockton, Mass., for plaintiff.

James D. Casey, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Senior District Judge.

This case is before the Court on the defendant's motion for summary judgment. The plaintiff, Paula Hutton, is the mother of Brian Hutton, a minor, and they are both residents of New York.[1] The defendant, Cape Foods, Inc. ("Cape Foods"), owns a Wendy's restaurant in Hyannis, Massachusetts, where Hutton worked in the summer of 1989. This Court has proper diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and shall apply the substantive law of Massachusetts in this case. The relevant facts are brief and not in dispute.

### I.

In the complaint, Hutton alleges that Cape Foods was negligent in maintaining the working conditions at the Wendy's restaurant where he was employed. As a result, Hutton claims that, on July 26, 1989, he slipped on a greasy floor and permanently injured his hip. Hutton, who was fourteen years old at the time, also alleges that Cape Foods hired him without an employment permit for a minor in violation of Mass.Gen.L. ch. 149, §§ 60, 86.

Following the injury, Hutton filed for Workers' Compensation benefits with the Department of Industrial Accidents ("DIA") pursuant to Mass.Gen.L. ch. 152, § 10. After a hearing, Hutton was awarded temporary total incapacity benefits and medical expenses under Mass. Gen.L. ch. 152, §§ 30, 34. Hutton was also denied a claim for double benefits due to alleged willful misconduct by Cape Foods under Mass.Gen.L. ch. 152, § 28. Hutton was represented before the DIA by counsel who was awarded her fees pursuant to Mass. Gen.L. ch. 152, § 13A. The final determination of Hutton's complete Workers' Compensation benefits is still pending.

The defendant Cape Foods now moves for summary judgment arguing that Hutton's common law cause of action is barred by the Workers' Compensation Act, Mass. Gen.L. ch. 152 § 23, 24. The plaintiff Hutton opposes the motion claiming that Hutton, as an unlawfully employed minor, is not bound by the exclusive remedy of the Workers' Compensation Act and retains the right to bring an action at common law for his injuries. For the reasons stated below, the defendant's motion for summary judgment should be granted.

### II.

The sole issue presented in this case is whether the Workers' Compensation Act creates an exclusive remedy for minor employees injured in the course of their employment. Generally, the Workers' Compensation Act is the exclusive remedy for employees suffering personal injuries on the job. Mass.Gen.L. ch. 152, §§ 23, 24. In section 24, the Act provides:

> An employee shall be held to have waived his right of action at common law or under the law of any other jurisdiction in respect to any injury that is compensable under this chapter, to recover damages for personal injuries, if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right....

Mass.Gen.L. ch. 152, § 24. In section 23, the Act further provides:

---

1. This action was brought by Paula Hutton on her son's behalf. For the purpose of clarity, this memorandum shall treat Brian Hutton as the plaintiff and only refer to him as "Hutton."

If an employee files any claim or accepts payment of compensation on account of personal injury under this chapter, or submits to a proceeding before the department under sections ten to twelve, inclusive, such action shall constitute a release to the insurer of all claims or demands at common law, if any, arising from the injury.

Mass.Gen.L. ch. 152, § 23. Thus, unless an employee gives written notice otherwise, an employee waives his right to bring a common law cause of action for work-related injuries. Further, upon filing a claim or receiving compensation under the Act, an employee releases any rights to bring common law claims against the insurer.

■ The Workers' Compensation Act, as interpreted in Massachusetts, applies to minor employees. *Garnhum's Case*, 348 Mass. 87, 89, 202 N.E.2d 255 (1964); *West's Case*, 313 Mass. 146, 149–50, 46 N.E.2d 760 (1943); *Pierce's Case*, 267 Mass. 208, 211, 166 N.E. 636 (1929); *Gilbert v. Wire Goods Co.*, 233 Mass. 570, 572–73, 124 N.E. 479 (1919). The Act covers employees who are broadly defined as "every person in the service of another under any contract of hire, expressed or implied, oral or written" with certain exceptions not applicable in this case. Mass.Gen.L. ch. 152, § 1(4). The Massachusetts Supreme Judicial Court has long interpreted this definition of employees to include minor employees. *Gilbert*, 233 Mass. at 572–73, 124 N.E. 479; *Pierce's Case*, 267 Mass. at 211, 166 N.E. 636. In *Gilbert*, the Supreme Judicial Court stated "[t]he definition does not in terms exclude minors, but on the contrary includes 'every person in the service of another under any contract of hire' ... Children and minors are expressly recognized in [various provisions of the Act]." 233 Mass. at 572–73, 124 N.E. 479. *See also Pierce's Case*, 267 at 211, 166 N.E. 636 ("It is settled that minors are included in the word 'person' in the definition of employees.").

The Workers' Compensation Act also applies to minor employees where the employer violated a statute intended to protect the minor employee. *Garnhum's Case*, 348 Mass. at 89, 202 N.E.2d 255; *West's Case*, 313 Mass. at 149–50, 46 N.E.2d 760; *Pierce's Case*, 267 Mass. at 208–10, 166 N.E. 636. In *Pierce's Case*, the defendant employer hired the plaintiff, a minor, to work in an area where fireworks were being manufactured in violation of state law. 267 Mass. at 208–10, 166 N.E. 636. Despite the illegality, the Supreme Judicial Court recognized that the Act applied to the minor employee. *Id.* at 211–12, 166 N.E. 636.

As respects the rights of minors under the act, we do not perceive any reason to differentiate between those who are lawfully employed and those employed as a consequence of the employer's illegal conduct.... The violation of the statute subjects the employer to the penalties mentioned in the statute; but it does not prevent the relation of employer and employee from coming into existence, nor affect the rights incident to that status which accrue to an employee who himself is free from wrongdoing.

*Id.* at 211–12, 166 N.E. 636. Thus, as a commentator on the subject has stated, "[t]he act covers minors as fully as employees of full age." Locke, *Workmen's Compensation*, 29 Mass. Practice Series § 108 (1981).

Turning to the undisputed facts of this case, Hutton has both waived and released his common law rights to sue for his injuries. Upon starting work, Hutton did not give any notice of his desire to retain his common law rights, thereby waiving those rights pursuant to section 24 of the Act. Furthermore, Hutton affirmatively filed a claim for benefits and has received compensation from the DIA for his injuries thereby, releasing his common law claims pursuant to section 23 of the Act. Despite these undisputed facts, Hutton urges this Court not to limit his remedies to compensation under the Act.

Hutton presents this Court with a novel argument grounded in principles of public policy. Hutton suggests that a minor employee should be able to recover benefits under the Act, but a minor employee should not be limited to the exclusive remedies of the Act. Analogizing to a minor's rights to void and ratify contracts, Hutton argues that a minor employee should be

allowed to choose between compensation under the Act or a suit at common law presumably until the minor reaches the age of majority. In essence, Hutton urges this Court to create a special exception to the Act for minor employees. Upon careful review, however, such a novel exception would be contrary to the statutory language of the Act, existing case law precedent, the policy principles underlying the Act, and the equities in this case.

First, the Workers' Compensation Act in its express statutory provisions contemplates the coverage of minor employees. In section 32, for example, the Act provides:

> The following persons shall be conclusively presumed to be wholly dependent upon a deceased employee: ... (e) A parent upon an unmarried child under the age of eighteen years; provided, that such child was living with the parent at the time of the injury resulting in death.

Mass.Gen.L. ch. 152, § 32. *See also* Mass. Gen.L. ch. 152, § 35A (similar language). This language specifically allows the parent of an injured minor employee to recover under the Act as a dependent.

More significantly, the Act has special provisions allowing for the award of double compensation where an employer willfully hires a minor in violation of state law. *See Garnhum's Case,* 348 Mass. at 89, 202 N.E.2d 255; *West's Case,* 313 Mass. at 148, 46 N.E.2d 760. Under section 28, the Act provides:

> If the employee is injured by reason of the serious and wilful misconduct of an employer ... the amounts of compensation hereinafter provided shall be doubled.... The employment of any minor, known to be such, in violation of any provision of [Mass.Gen.L. ch. 149 § 60–74, 104] shall constitute serious and wilful misconduct under this section.

Mass.Gen.L. ch. 152, § 28.[2]

Thus, the Act makes specific reference to the coverage of minor employees and the

Act allows for special recovery by minor employees. Furthermore, unlike other state worker's compensation laws, the Act does not make any exemptions for minor employees. *See* Larson, 1C Workmen's Compensation § 47.52(a) (1986). In this context, the statutory language of the Act provides no support for the creation of a special exception for minor employees.

Second, the Supreme Judicial Court has expressly held that minor employees may not bring an action at common law where their injuries were covered by the Act. In *Gilbert v. Wire Goods Company,* the plaintiff employee was a minor who brought an action at common law for work-related injuries. 233 Mass. 570, 571, 124 N.E. 479 (1919). The trial judge directed a verdict for the defendant employer, and the plaintiff appealed. *Id.* The Supreme Judicial Court held that the Act applied to minor employees and that plaintiff waived her common law rights by not giving notice pursuant to section 24 of the Act. *Id.* at 572–73, 124 N.E. 479. Consequently, the Supreme Judicial Court denied the minor employee the right to sue at common law and affirmed the judgment for the defendant employer. *Id.* at 573, 124 N.E. 479. The *Gilbert* opinion has not been overruled or criticized by the Supreme Judicial Court.

The Supreme Judicial Court has also reinforced the holding of the *Gilbert* opinion in two subsequent cases. In *Pierce's Case,* the Court stated: "The [minor] employee gave no notice at the time of his contract of hire ... that he claimed his right of action at common law; he was, therefore, to be held to have waived that right." 267 Mass. at 211, 166 N.E. 636 (citation omitted). More recently, in *Mendes v. Tin Kee Ng,* the Court responded to a similar argument that a plaintiff should be exempt from the Act due to the illegal conduct of the employer. 400 Mass. 131, 507 N.E.2d 1048 (1987). In dicta, the Court wrote:

> We decline to adopt a rule as is urged upon us by the plaintiff that in effect

**2.** In *Garnhum's Case,* the Supreme Judicial Court specifically relied on this statutory provision in applying the Act to a minor employee. 348 Mass. at 89, 202 N.E.2d 255. The Court stated: "The necessary implication of this sec-

tion is that a minor employed as a consequence of the employer's unlawful conduct is an 'employee' with all the rights incident to that status under the act." *Id.* (footnote omitted).

would grant to the plaintiff the option of proceeding under the act or at common law. That option is not afforded to plaintiffs who are employed in violation of minimum age legislation, an area where the Legislature has also expressed a strong policy against illegal employment. 400 Mass. at 133, 507 N.E.2d 1048. In light of this case law, the creation of an exception for minor employees runs contrary to controlling precedent.[3]

Third, the principles underlying the Act do not support the creation of a special exception for minors. The Act allows injured employees to recover based only on the causal relationship to employment without regard to fault. *See* Locke, 29 Mass. Practice Series § 9. Under this scheme, the employee is entitled to compensation whether the injury is caused by negligence of the employer, other employees, the employee himself, or even if the injury "just happened." *See id.* In return, the Act allows the employer to avoid litigation and to limit costs by paying fixed insurance premiums for workers' compensation coverage. *See* Locke, 29 Mass. Practice Series § 24. The employee benefits from the no-fault protection; the employer benefits from the no-fault protection; the employer benefits from less liability and fixed costs. *See Ferriter v. Daniel O'Connell's Sons, Inc.*, 381 Mass. 507, 519–20, 413 N.E.2d 690 (1980).

In this context, creating a special exception for minors would not support the policies of the Workers' Compensation Act. In a common law cause of action, the minor would not receive the no-fault protection afforded under the Act. The employer would be faced by additional, unknown liability in addition to existing insurance premiums. As noted above, the Act already provides double compensation for minor employees and imposes corresponding penalties on employers who unlawfully hire minor employees. Creating an exception for minor employees does not insure any additional remedies for minor employees

nor does it create significant deterrence to employers unlawfully hiring minors. In sum, a special exception for minor employees would not further the longstanding policy principles underlying the Act.

Finally, the equities in this case do not favor the creation of an exception for Hutton. Hutton affirmatively sought recovery from the DIA and filed a claim pursuant to the Act. In seeking compensation, Hutton was represented by counsel before an administrative law judge and presumably Hutton was advised of his legal rights in pursuing compensation under the Act. Further, Hutton was awarded compensation for his lost work and his injuries, and Hutton's claim for further compensation is still pending. As noted above, the Act provides for no-fault recovery and allows for double compensation by minors. Any argument that Hutton was not adequately compensated under these provisions may properly be asserted on appeal of the DIA decision. Based on the undisputed record in this case, this Court perceives no inequity in limiting Hutton to recovery under the Act.

---

**3.** Hutton cites and discusses an opinion of the Alaska Supreme Court as persuasive authority in support of creating an exception to the Act for minor employees. *See Whitney–Fidalgo Sea-* *foods, Inc. v. Beukers*, 554 P.2d 250 (Alaska 1976). The *Whitney–Fidalgo* decision, however, interprets a differently constructed Alaskan statute and has no application in this case.